Frank D. THOMAS, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

April 11, 1978.

As Modified June 13, 1978.

Richard L. Receveur, Asst. Public Defender, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., Mark F. Armstrong, Asst. Atty. Gen., Frankfort, for appellee.

REED, Justice.

Frank D. Thomas was convicted by a jury of one count of kidnapping (KRS 509.040) and two counts of wanton endangerment in

the first degree (KRS 508.060). Punishment was fixed at eleven years' confinement on the kidnapping charge, four years on one of the wanton endangerment charges and five years on the other wanton endangerment charge. The trial judge entered judgment in accordance with the jury's verdict and also provided that the sentences run consecutively. Thomas appeals.

The Attorney General candidly concedes that the trial judge's instructions to the jury were prejudicially erroneous in two particulars. Therefore, the judgment will have to be reversed and a new trial ordered. We are concerned with a more fundamental problem presented by this case, which we will discuss later in this opinion.

On September 25, 1976, Jerry Trammel was driving his car in Louisville. At the corner of 18th and Broadway, he stopped for a red light. Thomas flourished a .38 caliber pistol and forced his way into the car. He said he wanted to kill somebody and told Trammel "to drive, just drive." For the next hour Thomas caused Trammel to drive in rather aimless fashion. He held the pistol to Trammel's side. He ordered Trammel to stop at the Home of the Innocents; he told Trammel he had killed somebody there. Here, he switched places in the front seat of the car with Trammel but returned Trammel to the driver's seat after about five minutes and ordered him to start the car and continue driving.

Later, as Trammel was driving, he saw a police car. He swerved over and hit it. Officers Fey and Watts were in the police car. Officer Watts testified that Trammel rolled out of the car and yelled that Thomas had a pistol. Watts told Trammel to lie still on the ground. As Watts approached the car, he saw Thomas standing beside the passenger door holding a pistol. Watts drew his gun, cocked it and pointed it across the hood of the car at Thomas and ordered him to put the pistol down. Thomas brought the gun up in Watts' direction, but after a second warning he dropped the pistol on the seat of the car. From Watts' examination at the scene, it was established that the pistol was unloaded and that Thomas had no bullets with him.

The indictment on which Thomas was tried in alleging kidnapping read in pertinent part:

"Count One

That on or about the 15th day of September, 1976, in Jefferson County, Kentucky, the above named defendant committed the offense of kidnapping by unlawfully restraining Jerry Trammel against his will, when his *intent* was to accomplish or to advance the commission of a felony, first-degree wanton endangerment."

Count two of the indictment charged Thomas with the commission of "first-degree wanton endangerment when, under circumstances manifesting extreme indifference to the value of human life, he *wantonly* engaged in conduct which created a substantial danger of death or serious physical injury to Jerry Trammel by threatening to kill him with a pistol." (Emphasis supplied). Count three repeated the same language in charging a separate and additional offense of first-degree wanton endangerment committed against Officer Watts.

Thomas moved the trial court to dismiss counts one and two as "duplications" and to dismiss count three because it was the result of prosecutorial vindictiveness when plea bargain negotiations failed. The trial judge properly denied this pretrial motion to dismiss. Counts one and two as pleaded were not "duplications" and the contention of Thomas so far as the addition of count three is concerned was decided adversely to him in *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978).

At the conclusion of the Commonwealth's evidence, Thomas moved for a directed verdict of acquittal as to each count of the indictment. At the conclusion of all the evidence, he again moved for a directed verdict as to each count. The trial judge denied the motions. Thomas specifically objected to the instructions given. The sufficiency of the evidence and the validity of the instructions are reviewable on appeal.

We will first consider the prosecution's evidence so far as the wanton endangerment charges are concerned. "A person is guilty of wanton endangerment in the first degree when, under circumstances manifesting extreme indifference to the value of human life, he wantonly engages in conduct which creates a substantial danger of death or serious physical injury· to another person." KRS 508.060(1). This offense is a Class D felony. "A person is guilty of wanton endangerment in the second degree when he wantonly engages in conduct which creates a substantial danger of physical injury to another person." KRS 508.-070(1). This offense is a Class A misdemeanor.

■ "Illustrative types of conduct which can be sufficient to support a conviction of this offense are . . . (ii) a grossly careless use of firearms or explosives; (iii) the flourishing of a deadly weapon in public; etc." 1 Palmore and Lawson, Instructions to Juries in Kentucky, Sec. 2.21, p. 78. Thomas clearly intended to convince Trammel and Watts that his pistol was capable of causing death or other serious physical injury and Trammel and Watts appeared to be so convinced. On this occasion the pistol was a deadly weapon even if it was inoperable. See *Merritt v. Commonwealth*, Ky., 386 S.W.2d 727 (1965); *Kennedy v. Commonwealth*, Ky., 544 S.W.2d 219 (1976); *Bishop v. Commonwealth*, Ky., 549 S.W.2d 519 (1977). The conduct of Thomas clearly could have caused Trammel or Watts or others who perceived his conduct to engage in actions which would create a substantial danger of death, serious physical injury or physical injury, e. g., the action of Trammel in driving his car into the police cruiser. Thomas' assertion that because the pistol was inoperable he was not guilty of wanton endangerment is rejected. The trial court, however, should have instructed the jury on second-degree wanton endangerment as to both counts two and three, and this is conceded by the Attorney General.

As to the detention of Trammel by Thomas, the Attorney General concedes that the trial court erred in not instructing on both first and second degree unlawful imprisonment, but argues that the kidnapping charge contained in count one was properly submitted to the jury. We agree that the jury should have been instructed on both degrees of unlawful imprisonment, but we are persuaded that Thomas was·entitled to a directed verdict on the kidnapping count under the language of the indictment.

"A person is guilty of unlawful imprisonment in the first degree when he knowingly and unlawfully restrains another person under circumstances which expose that person to a risk of serious injury." KRS 509.-020(1). This offense is a Class D felony. "A person is guilty of unlawful imprisonment in the second degree when he knowingly and unlawfully restrains another person." KRS 509.030(1). This offense is a Class D misdemeanor.

■ There can be no doubt that the prosecution's evidence adequately supported instructions on unlawful imprisonment of Trammel by Thomas. Unlawful imprisonment is the basic and lesser offense and kidnapping is an aggravated form of unlawful imprisonment where detention of a victim is shown.

KRS 509.040 declares that kidnapping is unlawful restraint of another person with the intent

(a) To hold him for ransom or reward; or

(b) To accomplish or to advance the commission of a felony; or

(c) To inflict bodily injury or to terrorize the victim or another; or

(d) To interfere with the performance of a governmental or political function; or

(e) To use the victim as a shield or hostage.

The indictment instead of charging that the intentional objectives of Thomas in his restraint of Trammel were to terrorize or to inflict bodily injury on Trammel, as the prosecution's evidence appeared to establish, specifically charged that the intentional objective of Thomas on the occasion in question was "to accomplish or to advance the commission of a felony: first-degree wanton endangerment."

The instruction on kidnapping given by the trial court permitted a guilty verdict if the jury believed that the intentional objective of Thomas was to accomplish or advance the commission of "a felony." The felony was unnamed or the conduct constituting it was undescribed and the term "felony" was undefined. A proper instruction may be found in 1 Palmore and Lawson, Kentucky Instructions to Juries, Sec. 2.25(1)(c) p. 80. In any event, the instruction on kidnapping given by the trial court was prejudicially erroneous.

The element in this case that concerns us more than the other problems presented is the basis of the indictment on the kidnapping count. The kidnapping statute requires a specific intent to accomplish any one of several specified objectives. One of these is to accomplish or advance the commission of a felony. The felony of first-degree wanton endangerment was the offense the indictment charged that Thomas was intending to accomplish or advance by his restraint of Trammel. How can one *intend* to engage in *wanton* conduct? As the commentary to the Penal Code points out: "In other words a person cannot intend to act "wantonly" or "recklessly" toward a result . . ." KRS 508.060 Commentary (1974). We must conclude that the "felony" referred to in the kidnapping statute, KRS 509.040(1)(b) is one requiring "intentional" or "knowing" states of mental culpability as those terms are defined in KRS 501.020.

It is our conclusion that upon retrial under the indictment as it presently reads and if the evidence be substantially the same, the trial court should instruct on unlawful imprisonment in the first and second degrees and on wanton endangerment in the first and second degrees so far as the incidents involving Trammel are concerned, and on wanton endangerment in both first and second degree so far as the incident involving Officer Watts is concerned.

The judgment is reversed for new trial.

All concur.