**COMMONWEALTH of Kentucky, Appellant,**

v.

**John CLEMONS, Appellee.**

Supreme Court of Kentucky.

June 11, 1987.

Rehearing Denied Sept. 3, 1987.

David L. Armstrong, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, for appellant.

Linda B. Sullivan, Lexington, for appellee.

LAMBERT, Justice.

Appellee, John Clemons, was convicted of two counts of wanton endangerment in the first degree (KRS 508.060, a Class D Felony) for pointing a loaded firearm at two Kentucky State Police officers who were in the performance of their official

duties. The Court of Appeals reversed the conviction holding that such an act standing alone did not constitute a violation of this statute. As this precise issue appears to be uncertain under our case law, we granted discretionary review.

On September 11, 1985, KSP Officers Meadows and Tinker went to Clemons's home to serve a juvenile petition and take his son into custody. During this encounter, Clemons, who appeared to be under the influence of alcohol, became belligerent, refused to surrender his son, and removed an object from a nearby car. A scuffle then ensued, and a pistol was taken from Clemons.[1] Irate at having his pistol taken, Clemons went inside his dwelling and returned with a loaded rifle. He pointed the loaded rifle at the officers [2] and threatened to fire unless his pistol was returned. In response, one of the officers threw the pistol into the bed of a pick-up truck, but Clemons and the officers kept their guns drawn while Clemons continued to make threatening remarks [3]. Finally, reason prevailed, weapons were lowered, and the confrontation ended without shots being fired.

At the close of all the evidence, Clemons moved for a directed verdict on the charges of wanton endangerment in the first degree. He contended that pointing a loaded firearm at another person was not a violation of KRS 508.060. The trial court overruled appellee's motion for directed verdict and submitted the case to the jury under instructions which authorized appellee's conviction of wanton endangerment in the first degree, wanton endangerment in the second degree, or menacing [4]. The jury found appellee guilty on both counts of wanton endangerment in the first degree and recommended that his punishment be fixed at five years confinement on each count. Judgment was entered in accord-

ance with the jury verdict, and the trial court determined that the sentences should be served consecutively for a total of ten years confinement.

On appeal, the Court of Appeals reversed the conviction holding that some act other than the mere pointing of a loaded firearm was necessary to sustain a conviction under this statute; that "[w]ith the exception of *Thomas (Thomas v. Commonwealth,* Ky., 567 S.W.2d 299 (1978)), Kentucky cases have found wanton endangerment in situations only where a weapon has been fired."

KRS 508.060 states as follows:

(1) A person is guilty of wanton endangerment in the first degree when, under circumstances manifesting extreme indifference to the value of human life, he wantonly engages in conduct which creates a substantial danger of death or serious physical injury to another person.

KRS 501.020(3) provides that:

A person acts wantonly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists.... [When] disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.

In *Thomas v. Commonwealth,* Ky., 567 S.W.2d 299 (1978), one of two convictions for wanton endangerment in the first degree was based on appellant's pointing a pistol at a police officer. Appellant was also convicted of kidnapping and another count of wanton endangerment in the first degree. Subsequent examination of the pistol revealed that it was unloaded. On

---

1.  Appellee denied that the object removed from the car was the pistol. He maintained that he had the pistol on his person at all times and that the object removed from the car was a valve lifter.

2.  Appellee admitted pointing the rifle at Officer Tinker, but denied pointing it at Officer Meadows.

3.  Officer Meadows testified that, among other things, appellee told them to leave or he was going to blow their heads off.

4.  Appellee did not request an instruction on any other crime. He objected to the instructions given by the court, and tendered a first degree wanton endangerment instruction which authorized conviction only if the jury believed he "shot a rifle."

appeal, appellant argued that the trial court erred in failing to instruct the jury on wanton endangerment in the second degree. Reversing the conviction, the Court held that an instruction on wanton endangerment in the second degree should have been given along with the instruction on wanton endangerment in the first degree. Thus, the Court held that appellant's act of pointing an unloaded pistol at a police officer was sufficient to support a conviction of either charge and that it was for the jury to determine which one.

In *Gilbert v. Commonwealth,* Ky., 637 S.W.2d 632 (1982), the Court reversed appellant's first degree wanton endangerment conviction because "the gun was never pointed at Watson, and in the circumstances of this case it is obvious to us that the essential elements of KRS 508.060 are not present." Moreover, the Court held that the possession and use of the pistol did not constitute an offense separate from the first degree robbery charge for which appellant was also tried and convicted.

*Thomas* and *Gilbert* suggest that in certain circumstances, depending on the existence of other facts, pointing a firearm at another person may be sufficient to constitute a violation of KRS 508.060. On the other hand, however, much of our case law suggests that a person may be guilty of wanton endangerment in the first degree with the use of a firearm only by firing it. See *Watson v. Commonwealth,* Ky., 579 S.W.2d 103 (1979) and *McIntosh v. Commonwealth,* Ky.App., 582 S.W.2d 54 (1979).

Pointing a firearm at a police officer who is in the performance of his duties will result in a confrontation in which gunfire is distinctly possible. Faced with such a confrontation, one may, even in the absence of original intent, believe it is necessary to fire in self-protection. Therefore, the initial act of pointing the firearm and the forseeable response to this act may demonstrate an extreme indifference to the value of human life and create a substantial danger of serious physical injury to another person.

In accord with this view is the Commentary accompanying the Kentucky Penal Code in which KRS 508.060 and 508.070 are analyzed as follows:

KRS 508.060 and 508.070 reflect the same judgment that forms the rationale for the law of criminal attempt, namely that certain conduct which is harmless in fact indicates a dangerousness of character sufficient for the imposition of criminal sanctions. The types of conduct indicating such character and punishable under these two statutes are such things as discharging firearms in public, pointing firearms at others, obstructing public highways, and abandoning containers which are attractive to children.

Likewise, in accord with the view expressed in the Commentary quoted above, is 1 Palmore and Lawson, *Kentucky Instructions to Juries,* § 2.20, Comment; and Aprile, "Elements of Crimes, Statutory Charges and Indictments," *Criminal Law of Kentucky Annotated* (1986) at 886 which provides as an example of a properly drafted indictment under KRS 508.060 the following: "pointed a loaded revolver at John Jones...."

Appellee's act of pointing a loaded firearm at officers Tinker and Meadows accompanied by his threatening remarks created an explosive environment. Disaster was averted only by the exercise of considerable restraint on the part of the officers. From the evidence presented, the trial court properly instructed the jury under both wanton endangerment statutes (KRS 508.060 and KRS 508.070).

For these reasons, the opinion of the Court of Appeals is reversed, and the judgment of the trial court reinstated.

STEPHENS, C.J., and GANT, LAMBERT, LEIBSON, STEPHENSON, and WINTERSHEIMER, JJ., concur.

VANCE, J., dissents by separate opinion.

VANCE, Justice, dissenting.

I respectfully dissent. The question is whether the mere pointing of a pistol at another person constitutes wanton endangerment in the first degree, or whether the

pistol must be actually fired to constitute that offense.

*Watson v. Commonwealth*, Ky., 579 S.W.2d 103 (1979) and *McIntosh v. Commonwealth*, Ky.App., 582 S.W.2d 54 (1979), seem to hold that first-degree wanton endangerment requires firing a weapon, not simply pointing it.

On the other hand, *Thomas v. Commonwealth*, Ky., 567 S.W.2d 299 (1978), upheld a conviction for wanton endangerment in the first degree where a weapon was only pointed and was not fired. *Gilbert v. Commonwealth*, Ky., 637 S.W.2d 632 (1982), reversed a first-degree wanton endangerment conviction, "because the gun was never pointed at Watson."

Wanton endangerment in the first degree requires wanton conduct which creates a substantial danger of death or serious physical injury to another person under circumstances which manifest extreme indifference to the value of human life.

The mere pointing of a firearm at another person may frighten him but does not endanger him at all unless the weapon is fired. There may be room for debate that the pointing of a weapon poses a danger that it will be fired and thus create a danger of death or serious physical injury. In any event, the law ought to be consistent, and I believe we should eliminate the inconsistency shown by our past decisions and decide the issue one way or the other.

My own belief is that wanton endangerment in the use of firearms requires the firing of a weapon and that pointing a weapon at another without firing it is a lesser offense because it does not create a substantial risk of death or serious physical injury. The pointing of a firearm at another person, if it constitutes a threat, appropriately falls within the provision of K.R.S. 508.080 dealing with terroristic threatening.