Charles Ray WATSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

Feb. 27, 1979.

Rehearing Denied May 1, 1979.

Jack Emory Farley, Public Defender, Mark A. Posnansky, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Miles H. Franklin, Asst. Atty. Gen., Frankfort, for appellee.

LUKOWSKY, Justice.

Watson was convicted of four counts of first-degree wanton endangerment, KRS 508.060, two counts of theft by unlawful taking of property of a value over $100.00, KRS 514.030, and five counts of terroristic

threatening, KRS 508.080. He was sentenced to five years' imprisonment on each wanton endangerment count, one year on each theft count and twelve months on each terroristic threatening count. The wanton endangerment sentences were to be served consecutively. The remaining sentences were to be served concurrently with each other and the wanton endangerment sentences. He appeals. We reverse and remand.

Watson drove his car into a ditch. Police officers, Mike Walters and Homer Wesley, arrested him for public drunkenness and placed him in the rear of the police cruiser. They also arrested Watson's brother for public drunkenness and placed him in the rear of the police cruiser. They did not handcuff either of the men. The police told the other people present at the scene that they were free to leave. They returned to their cruiser and noticed that a shotgun and a nightstick were missing. Watson pointed the shotgun at the police officers and ordered them to let him and his brother out of the cruiser. He threatened to kill the police officers if they did not follow his instructions or if they attempted to use the radio. Watson then held the police officers and Hiram Daulton, Charles Daulton and Darrell Brock, who were also present at the scene of the accident, hostage and directed them to get his car out of the ditch. The hostages all safely made their escape when Watson's attention was diverted. Watson fired four shots at them as they fled. Fortunately, all the shots missed. Watson took the police cruiser and fled the scene. He was arrested the next day.

Watson contends that under the facts of this case KRS 505.020 prohibits his conviction of both wanton endangerment and terroristic threatening of the same persons.

KRS 505.020(1)(a) provides:

"When a single course of conduct of a defendant may establish the commission of more than one offense, he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense when:

(a) One offense is included in the other, as defined in subsection (2)." (Our italics).

KRS 505.020(2)(d) provides:

"A defendant may be convicted of an offense that is included in any offense with which he is formally charged. An offense is so included when:

(d) It differs from the offense charged only in the respect that a less serious injury or .risk of injury to the same person, property or public interest suffices to establish its commission." (Our italics).

In order to convict on the terroristic threatening counts the jury had to believe that Watson threatened to shoot Mike Walters, Homer Wesley, Charles Daulton, Hiram Daulton and Darrell Brock with a shotgun. In order to convict on the wanton endangerment counts the jury had to believe that Watson fired a shotgun at Mike Walters, Homer Wesley, Hiram Daulton and Darrell Brock. The only difference between the threat and the act in this case is the increased risk of injury to Mike Walters, Homer Wesley, Hiram Daulton and Darrell Brock. Consequently, Watson should not have been convicted of the terroristic threatening of these men after he had been convicted of wantonly endangering them. Simply put, the terroristic threat is included in the wanton endangerment. Cf. *Luttrell v. Commonwealth*, Ky., 554 S.W.2d 75, 78 (1977).

However, we are unable to protect Watson's rights by merely vacating four of the terroristic threatening convictions, because at trial he requested and was refused an instruction on the presumption of innocence. Our decision in *Whorton v. Commonwealth*, Ky., 570 S.W.2d 627 (1978), cert. granted sub nom. *Kentucky v. Whorton*, —— U.S. ——, 99 S.Ct. 832, 59 L.Ed.2d 31 (1979), entitles him to a new trial on all charges of which he was convicted.

The Commonwealth urges us to overrule our decision in *Whorton*, supra, and apply the "Chapman-Harrington Harmless Error Doctrine." In *Whorton*, supra, we elected as a matter of state law not to engage in

the mental gymnastics inherent in the application of the harmless error doctrine. We chose simple prophylaxis over Talmudic hair splitting. See *Darnell v. Commonwealth*, Ky., 558 S.W.2d 590, 596 (1977) (Lukowsky, J., dissenting). We perceive no reason to retreat from *Whorton*, supra.

The judgment is reversed and the cause is remanded to the Pulaski Circuit Court for further proceedings consistent herewith.

All concur except AKER, J., who did not sit.