## KENTUCKY v. WHORTON

No. 78–749.   Argued April 16, 1979—Decided May 21, 1979

*Patrick B. Kimberlin III,* Assistant Attorney General of Kentucky, argued the cause for petitioner.  With him on the briefs was *Robert F. Stephens,* Attorney General.

*Terrence R. Fitzgerald* argued the cause for respondent. With him on the brief was *Paul G. Tobin.*

PER CURIAM.

In *Taylor* v. *Kentucky,* 436 U. S. 478 (1978), this Court reversed a criminal conviction resulting from a trial in which the judge had refused to give a requested jury instruction on

the presumption of innocence. Relying on its understanding of that decision, the Kentucky Supreme Court in the present case held that such an instruction is constitutionally required in all criminal trials, and that the failure of a trial judge to give it cannot be harmless error. 570 S. W. 2d 627. We granted certiorari to consider whether the Kentucky Supreme Court correctly interpreted our holding in *Taylor*. 439 U. S. 1067.

I

The respondent was charged in three separate indictments with the commission of several armed robberies. At trial, numerous eyewitnesses identified the respondent as the perpetrator. Weapons, stolen money, and other incriminating evidence found in the respondent's automobile were introduced in evidence. The respondent did not take the stand in his own defense. The only evidence on his behalf was given by his wife and sister who offered alibi testimony concerning his whereabouts during the time of the commission of one of the robberies.

The respondent's counsel requested that the jury be instructed on the presumption of innocence.[1] This instruction was refused by the trial judge. An instruction was given, however, to the effect that the jury could return a verdict of guilty only if they found beyond a reasonable doubt that the respondent had committed the acts charged in the indictment with the requisite criminal intent.

---

[1] The respondent's lawyer made a timely request that the following instruction be given:

"The law presumes an accused to be innocent of crime. He begins the trial with a clean slate, with no evidence against him. And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient to acquit an accused unless the jury members are satisfied beyond a reasonable doubt of the accused's guilt from all the evidence in the case."

The jury found the respondent guilty of 10 counts of first-degree robbery, 2 counts of first-degree wanton endangerment, and 2 counts of first-degree attempted robbery. The respondent was sentenced to consecutive terms of imprisonment totaling 230 years.

On appeal, the respondent argued that he had been denied due process of law in violation of the Fourteenth Amendment by reason of the trial judge's refusal to give an instruction on the presumption of innocence. A divided Kentucky Supreme Court agreed, interpreting this Court's decision in *Taylor* "to mean that when an instruction on the presumption of innocence is asked for and denied there is a reversible error." 570 S. W. 2d, at 633.[2]

Two justices filed separate dissenting opinions. In their view, the *Taylor* case should be understood as dealing with the factual situation there presented, and not as establishing a constitutional rule that failure to instruct the jury on the presumption of innocence requires automatic reversal of a conviction. Since these justices concluded that the respondent received a fair trial, they would have affirmed the convictions.

## II

While this Court in *Taylor* reversed a conviction resulting from a trial in which the judge had refused to give a requested instruction on the presumption of innocence, the Court did not there fashion a new rule of constitutional law requiring that such an instruction be given in every criminal case. Rather, the Court's opinion focused on the failure to give the instruction as it related to the overall fairness of the trial considered in its entirety.

The Court observed, for example, that the trial judge's instructions were "Spartan," 436 U. S., at 486, that the prosecutor improperly referred to the indictment and otherwise

---

[2] The wanton endangerment convictions were reversed on state-law grounds not relevant here.

made remarks of dubious propriety, *id.*, at 486–488, and that the evidence against the defendant was weak. *Id.*, at 488. "[T]he combination of the skeletal instructions, the possible harmful inferences from the references to the indictment, and the repeated suggestions that petitioner's status as a defendant tended to establish his guilt created a genuine danger that the jury would convict petitioner on the basis of those extraneous considerations, rather than on the evidence introduced at trial." *Id.*, at 487–488.

It was under these circumstances that the Court held that the failure of the trial court to instruct the jury on the presumption of innocence denied the defendant due process of law. Indeed, the Court's holding was expressly limited to the facts: "We hold that *on the facts of this case* the trial court's refusal to give petitioner's requested instruction on the presumption of innocence resulted in a violation of his right to a fair trial as guaranteed by the Due Process Clause of the Fourteenth Amendment." *Id.*, at 490 (emphasis added). This explicitly limited holding, and the Court's detailed discussion of the circumstances of the defendant's trial, belie any intention to create a rule that an instruction on the presumption of innocence is constitutionally required in every case.

In short, the failure to give a requested instruction on the presumption of innocence does not in and of itself violate the Constitution. Under *Taylor,* such a failure must be evaluated in light of the totality of the circumstances—including all the instructions to the jury, the arguments of counsel, whether the weight of the evidence was overwhelming, and other relevant factors—to determine whether the defendant received a constitutionally fair trial.

The Kentucky Supreme Court thus erred in interpreting *Taylor* to hold that the Due Process Clause of the Fourteenth Amendment absolutely requires that an instruction on the presumption of innocence must be given in every criminal

case. The court's inquiry should have been directed to a determination of whether the failure to give such an instruction in the present case deprived the respondent of due process of law in light of the totality of the circumstances.

Accordingly, the judgment is reversed, and the case is remanded to the Supreme Court of Kentucky for further proceedings not inconsistent with this opinion.

*It is so ordered.*

MR. JUSTICE STEWART, with whom MR. JUSTICE BRENNAN and MR. JUSTICE MARSHALL join, dissenting.

No principle is more firmly established in our system of criminal justice than the presumption of innocence that is accorded to the defendant in every criminal trial. In *In re Winship,* 397 U. S. 358, the Court held that the Due Process Clause of the Fourteenth Amendment requires proof beyond a reasonable doubt of a defendant's guilt. I believe that the Due Process Clause of the Fourteenth Amendment equally requires the presumption that a defendant is innocent until he has been proved guilty.

Almost 85 years ago, the Court said: "The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law." *Coffin* v. *United States,* 156 U. S. 432, 453. Only three years ago the Court reaffirmed that the presumption of innocence "is a basic component of a fair trial under our system of criminal justice." *Estelle* v. *Williams,* 425 U. S. 501, 503. See also *Cool* v. *United States,* 409 U. S. 100, 104. And a fair trial, after all, is what the Due Process Clause of the Fourteenth Amendment above all else guarantees.

While an instruction on the presumption of innocence in one sense only serves to remind the jury that the prosecutor has the burden of proof beyond a reasonable doubt, it also has

a separate and distinct function. Quite apart from considerations of the burden of proof, the presumption of innocence "cautions the jury to put away from their minds all the suspicion that arises from the arrest, the indictment, and the arraignment, and to reach their conclusion solely from the legal evidence adduced." 9 J. Wigmore, Evidence § 2511, p. 407 (3d ed. 1940). And because every defendant, regardless of the totality of the circumstances, is entitled to have his guilt determined only on the basis of the evidence properly introduced against him at trial, I would hold that an instruction on the presumption of innocence is constitutionally required in every case where a timely request has been made.[1]

There may be cases where the failure to give such an instruction could not have affected the outcome of the trial. If that conclusion can be drawn beyond a reasonable doubt, failure to give the instruction would be harmless error. Cf. *Chapman* v. *California,* 386 U. S. 18; *Harrington* v. *California,* 395 U. S. 250. Since the Kentucky Supreme Court did not consider this possibility, I would vacate its judgment and remand the case to that court, but only for consideration of whether the failure to give the instruction in the circumstances presented here was harmless error.[2]

---

[1] At least one Member of the Court understood our opinion in *Taylor* v. *Kentucky,* 436 U. S. 478 to hold precisely that. See *id.,* at 490 (BRENNAN, J., concurring).

[2] On remand, the Kentucky court would of course be free to hold as a matter of state law that it would not consider the question of harmless error in this context. See *Watson* v. *Commonwealth,* 579 S. W. 2d 103 (Ky.).