STATE OF NORTH CAROLINA v. DENNIS J. ROUSE

No. 828SC207

(Filed 16 November 1982)

**1. Criminal Law § 88.4— cross-examination of defendant—proper**

   The trial court did not err in allowing the State to question defendant on cross-examination about a stocking cap and paper bag found in his car and to ask him if he had been in the area of a First Citizens Bank the afternoon prior to his arrest since the State was bound by defendant's answers, the control of cross-examination must be left largely to the discretion of the trial judge, and since the questions were proper.

**2. Larceny § 8.1— instructions concerning right to possess item allegedly stolen**

   In a prosecution for felonious breaking or entering and felonious larceny among other crimes, the trial judge's instruction to the jury that to convict defendant, they must find that defendant took the pistol without the prosecuting witness's consent and that at the time of the taking, defendant knew he was not entitled to take it, were complete and correct.

**3. Criminal Law § 112— failure to instruct on presumption of innocence—no prejudicial error**

   The trial judge's failure to instruct the jury on the presumption of innocence was not prejudicial error where the judge's instruction on the State's duty to prove the defendant's guilt beyond a reasonable doubt made it clear that the defendant was presumed innocent until the State proved otherwise, and where in his remarks to the jury before it was empaneled, the judge said that defendant "is presumed to be innocent."

**4. Larceny § 1; Receiving Stolen Goods § 1— improper to impose sentence for larceny and possession of same property**

   Since a defendant cannot be sentenced for both larceny and possession of the same property, where defendant was charged with felonious breaking or entering, felonious larceny, felonious receipt of stolen property and felonious possession of stolen property, and the trial judge consolidated the breaking

and entering case with the larceny case for sentencing and imposed a separate sentence in the possession case, the case must be remanded for the judge to enter sentence on the breaking and entering and either the larceny or possession case.

APPEAL by defendant from *Bruce, Judge.* Judgments entered 6 November 1981 in Superior Court, LENOIR County. Heard in the Court of Appeals 21 September 1982.

Defendant was charged with felonious breaking or entering, felonious larceny, felonious receipt of stolen property and felonious possession of stolen property.

The State's evidence tended to show the following. Christopher Tinney testified he knew defendant because they both worked at the Caswell Center. On 5 August 1981, defendant visited Tinney at his trailer. Tinney testified about the conversation that took place when he showed defendant his pistol:

> The pistol was there underneath some papers and I showed it to him and I told him my father gave it to me for protection because my wife was pregnant and because I live in the country and no houses around there, or anything else, and he said it was nice; that he would like to borrow it sometime to get something. . . . Some money.

Tinney did not lend defendant his pistol. He left it at home under the stack of papers when he went to work the following day. At work, defendant asked Tinney if he could borrow his car to go to the bank to get a loan. He told Tinney that he would be back at 3:00. Defendant returned at 5:00, and they went to the bank together. Then they went to Tinney's trailer. Defendant mentioned that the window in the back door was broken. Tinney looked around the trailer and found that the only thing missing was his pistol. Nothing else in the trailer had been disturbed. Defendant was the only person who knew where the pistol was hidden, other than members of Tinney's family. Tinney said that he did not give defendant permission to take his pistol.

Detective Honeycutt arrived to investigate the burglary. After making his investigation at the scene, he drove down the street and saw defendant on the side of the road. He asked defendant to get in the car, and advised him of his rights. Defendant told him that he did not know about the break-in, and did not

know that Tinney's pistol was missing. Then Honeycutt took defendant to the sheriff's office for fingerprinting.

Deputy Sheriff Garris testified that on 11 August 1981, as a result of information received over the police radio, he followed defendant, stopped him, and asked to see his driver's license. Garris placed defendant under arrest because he did not have a valid license. Defendant fought with Garris and the other officers, but they handcuffed him after a few minutes. Tinney's pistol was found in defendant's sock. The gun was loaded. Detective Honeycutt said that when asked about the pistol, defendant said he won it from Tinney in a card game.

Defendant testified that the first time he saw the pistol was when Tinney brought it to his house and offered it to him as collateral for a loan. Defendant loaned Tinney one hundred dollars, and Tinney gave him the pistol. Defendant said he kept it in his girl friend's car. He said that when he was arrested, he was not asked about the pistol. On cross-examination, he was asked about a stocking cap and paper bag that were found in his possession at the time of his arrest. He said that he wore the stocking cap when he played basketball. He said the paper bag was for his lunch.

Defendant was found guilty of felonious breaking or entering and felonious larceny. He was sentenced to three years and fined $500.00. He was also found guilty of felonious possession of stolen property and sentenced to five years, to run at the expiration of the three years' sentence.

*Attorney General Edmisten, by Assistant Attorney General Steven F. Bryant, for the State.*

*Assistant Appellate Defender James H. Gold, for defendant appellant.*

VAUGHN, Judge.

[1] Defendant argues it was error to allow the State to ask him about the stocking cap and paper bag that were found in his car when he was found with the loaded pistol concealed in his sock. He identified the cap as being his and said the bag was similar to the one he used to carry his lunch. He also argues it was error to allow the State to ask him if he had been in the area of the First

Citizens Bank that afternoon prior to his arrest. There is no merit to defendant's argument. In the first place, the State was bound by defendant's answers, and those answers were favorable to him. Secondly, the control of cross-examination must be left largely to the discretion of the trial judge. Most importantly, however, the questions were proper. There was evidence that defendant wanted the gun in order to get some money. The questions to which defendant now takes exception were proper to attempt to show defendant's motive for stealing the gun. Testimony at the sentencing hearing clearly demonstrated that the questions were asked in good faith.

[2] Defendant argues that the judge committed error because he did not instruct the jury that defendant could not be convicted if he honestly believed he had a right to possess the pistol. The argument is without merit. The jury had to believe either that defendant stole the pistol as the State's evidence tended to show or that it was pawned to him as his evidence tended to show. The judge made it clear to the jury that to convict, they must find that defendant took the pistol without Tinney's consent, and that at the time of the taking, he knew he was not entitled to take it. The judge's instructions were complete and correct in all respects.

[3] Defendant's next argument is that the trial court erred by failing to instruct the jury on the presumption of innocence. One accused of a crime is entitled to have his guilt or innocence determined on the basis of the evidence introduced at trial, not on the grounds of official suspicion or indictment, and it has long been recognized that an instruction or presumption is one way to impress the importance of that right upon the jury. *Taylor v. Kentucky,* 436 U.S. 478, 56 L.Ed. 2d 468, 98 S.Ct. 1930 (1978). Failure to instruct on the presumption of innocence is not, in and of itself, prejudicial error. *Kentucky v. Whorton,* 441 U.S. 786, 60 L.Ed. 2d 640, 99 S.Ct. 2088, *rehearing denied,* 444 U.S. 887, 62 L.Ed. 2d 121, 100 S.Ct. 186 (1979); *State v. Perry,* 226 N.C. 530, 39 S.E. 2d 460 (1946). The judge's instruction on the State's duty to prove the defendant's guilt beyond a reasonable doubt made it clear that the defendant was presumed innocent until the State proved otherwise. Moreover, in his remarks to the jury before it was impaneled, the judge said

The defendant, Mr. Rouse, has entered a plea of not guilty as to the charge and the fact that he's indicted is no evidence of his guilt. When a defendant pleads not guilty, the defendant is not required to prove that he is innocent. Rather, *he is presumed to be innocent* and the burden is on the State of North Carolina to satisfy you of the guilt of the defendant by the evidence and beyond a reasonable doubt in order for you to return a verdict of guilty of some crime. (Emphasis added.)

[4]   This case was tried prior to the decision of the Supreme Court in *State v. Perry*, 305 N.C. 225, 287 S.E. 2d 810 (1982), holding that a defendant could not be sentenced for both larceny and possession of the same property. In this case, the judge consolidated the breaking and entering case with the larceny case for sentencing, and imposed a separate sentence in the possession case. The defendant can only be punished for the breaking and entering and either the larceny or possession. The case must be remanded for the judge to enter sentence on the breaking and entering and either the larceny or possession, and arrest judgment on the remaining charge.

No error in the trial.

Remanded for resentencing.

Judges WEBB and WELLS concur.