JUSTICE TRIEWEILER
specially concurring.
I concur with the opinion of the majority.
Had the defendant requested an instruction on the burden of proof, and had it been refused, I would consider that refusal to be reversible error. Likewise, had the defendant unsuccessfully requested an instruction to the jury on his presumption of innocence, I would consider that reversible error. However, in this case, the burden of proof and presumption of innocence were totally irrelevant to the defendant’s theory of defense. The conduct he was accused of was conceded. He simply disagreed that it was a violation of the statute he was accused of violating.
We do not have to rely on § 46-20-701(2), MCA, for the time honored principle that a party cannot raise on appeal those issues which it did not raise at the trial court level. However, the dissent contends that no trial court objection is necessary because the District Court’s failure to instruct on the presumption of innocence is plain error and in violation of both the United States and Montana Constitutions. I would direct the dissent to the United States Supreme Court’s decision in Kentucky v. Whorton (1979), 441 U.S. 786, 60 L.Ed.2d 640, 99 S.Ct. 2088, where they held that failure to give such an instruction is not even always error.
In the Whorton case, the defendant actually requested that the jury be instructed on the presumption of defendant’s innocence. That instruction was refused by the trial court and defendant was found guilty of numerous counts of robbery and other crimes. On appeal, he argued, as the dissent contends, that the refusal to give such an instruction denied due process in violation of the Fourteenth Amendment of the United States Constitution. In rejecting the defendant’s argument on appeal, the Supreme Court held that:
In short, the failure to give a requested instruction on the presumption of innocence does not in and of itself violate the Constitution. Under Taylor [v. Kentucky (1978), 436 U.S. 478, 56 L.Ed.2d 468, 98 S.Ct. 1930), such a failure must be evaluated in light of the totality of the circumstances — including all the instructions to the jury, the arguments of counsel, whether the weight of the evidence was overwhelming, and other relevant factors — to determine whether the defendant received a constitutionally fair trial.
*192 The Kentucky Supreme Court thus erred in interpreting Taylor to hold that the Due Process Clause of the Fourteenth Amendment absolutely requires that an instruction on the presumption of innocence must be given in every criminal case. The court’s inquiry should have been directed to a determination of whether the failure to give such an instruction in the present case deprived the respondent of due process of law in light of the totality of the circumstances.
Whorton, 441 U.S. at 789-90, 60 L.Ed.2d at 643-44, 99 S.Ct. at 2090. I conclude that under the totality of the circumstances in this case, the District Court’s failure to give the presumption of innocence instruction did not prejudice the defendant and did not violate due process. If under the Whorton decision, the failure to give such an instruction is not, under every circumstance, reversible error even when it is requested, failure to give such an instruction certainly does not rise to the level of plain error when it has not been requested.
Furthermore, I find no prejudice from the District Court’s reference to “preponderance of the evidence” in the context of its discussion on circumstantial evidence. The purpose of that discussion was not to explain to the jury the degree of proof required to convict the defendant. The purpose of that discussion was to point out to the jury that circumstantial evidence was as worthy of consideration as direct evidence. The phrases “preponderance of the evidence” and “proof beyond a reasonable doubt” are meaningless without the usual instructions to the jury explaining their meaning. No such instructions were given in this case, and the terms as used were neutral in terms of any impact they may have had on the jury. Therefore, while I agree that if the defendant had requested an instruction on the State’s burden of proof he would have been entitled to one, I cannot conclude under the circumstances in this case that he was so severely prejudiced by the failure to give one that the failure to do so violated his right to due process and therefore, rises to the level of plain error. For these reasons, I concur with the opinion of the majority.