**In re the DETENTION OF Meredith SEEWALKER,**

**Meredith Seewalker, Appellant.**

No. 03–0764.

Court of Appeals of Iowa.

July 14, 2004.

Mark Smith, First Assistant Public Defender, and Steven L. Addington, Assistant Public Defender, for appellant.

Thomas J. Miller, Attorney General, and Roxanne M. Ryan and Denise Timmins, Assistant Attorneys General, for appellee.

Heard by VOGEL, P.J., and HECHT and VAITHESWARAN, JJ.

VOGEL, P.J.

Meredith Seewalker appeals his civil commitment, pursuant to Iowa Code chapter 229A (2003), contending the district court erred in refusing to instruct the jury that he is presumed to not be a sexually violent predator. Finding no error in the court's refusal, we affirm.

**Background Facts and Proceedings.**

Meredith Seewalker was born in 1976 and has a history of sex offending. His first offenses occurred when he was seventeen years old. In 1994 he was convicted of two counts of lascivious acts with a child for incidents involving a thirteen-year-old girl and her six-year-old sister. After being waived to adult court, he pled guilty to the charges and received probation. That probation was revoked in 1995 when he committed another act against an eleven-year-old girl. Based on this act, Seewalker entered a guilty plea to third-degree sexual assault and was sentenced to an indeterminate term of incarceration, not to exceed ten years.

On December 2, 2002, prior to his release from prison, the State filed a petition alleging Seewalker to be a sexually violent predator under Iowa Code chapter 229A. The district court determined there was probable cause for the matter to proceed to trial and ordered Seewalker be held pending trial. In March 2003 a jury trial was held, at which time Seewalker requested the court instruct the jury that he be presumed to not be a sexually violent predator. The court rejected his proposed instruction. The jury then entered a verdict finding Seewalker to be a sexually violent predator. Seewalker appeals, claiming error in the court's refusal to give the jury the proposed instruction.

**Scope of Review.**

Trial court determinations regarding jury instructions are reviewed on appeal for errors of law. Iowa R.App. P. 6.4; *State v. Breitbach*, 488 N.W.2d 444, 449 (Iowa 1992). The scope of review of constitutional issues is de novo. *In re Detention of Garren*, 620 N.W.2d 275, 278 (Iowa 2000).

**Jury Instruction.**

Iowa Code section 229A.7(4) states, in pertinent part, that "[a]t trial, the ... jury shall determine whether, beyond a reasonable doubt, the respondent is a sexually violent predator." Seewalker believes this enhanced burden expressed in the beyond-a-reasonable-doubt language carries along with it a presumption of non-predator, similar to the presumption of innocence in a criminal setting. In passing, he also asserts without any discussion "the due process clause of the Fifth Amendment still applies, and Respondent is entitled to a presumption that he is not a sexually violent predator." Seewalker primarily rests his argument for the necessity of including the presumption instruction on a public policy rationale commented on in *Taylor v. Kentucky*, 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978). He believes that inclusion of the instruction would have the effect of directing the mindset of jurors and would guide them to not base their decision on the present situation of the accused, but rather strictly on the evidence. *See id.* at 484–85, 98 S.Ct. at 1934, 56 L.Ed.2d at 474–75, (citing 9 J. Wigmore, Evidence § 2511 (3d ed.1940)).

The right to a fair trial is a fundamental liberty interest secured by the Fourteenth Amendment. *Drope v. Missouri*, 420 U.S. 162, 172, 95 S.Ct. 896, 904, 43 L.Ed.2d 103, 113 (1975). As long as a requested instruction correctly states the law, has application to the case, and is not stated elsewhere in the instructions, the court must give the requested instruction. *Adam v. T.I.P. Rural Elec. Coop.*, 271 N.W.2d 896, 901 (Iowa 1978). However, error in giving or refusing a jury instruction does not merit reversal unless it results in prejudice to the defendant. *See State v. Kellogg*, 542 N.W.2d 514, 516 (Iowa 1996).

Following the trial, Seewalker proposed the following jury instruction:

> Meredith J. Seewalker is presumed to not be a sexually violent predator. The presumption requires you to put aside all suspicion, which might arise from the present situation of the Respondent. This presumption that he is not a sexually violent predator remains with the Respondent throughout the trial unless the evidence proves beyond a reasonable doubt that he is a sexually violent predator.

We first note that such a presumption-of-non-predator instruction is not statutorily required. Moreover, we find it significant that a commitment proceeding under Iowa's sexually violent predator law, Iowa Code chapter 229A, is civil in nature. *Garren*, 620 N.W.2d at 280. The inference to be drawn from this fact is that civil commitment proceedings, thus, do not implicate the full panoply of protective con-stitutional rights as are present in criminal proceedings [1]. *See Allen v. Illinois*, 478 U.S. 364, 375, 106 S.Ct. 2988, 2995, 92 L.Ed.2d 296, 308 (1986). In *Allen v. Illinois*, the United States Supreme Court addressed whether an individual who had been civilly committed as a "sexually dangerous person" was entitled to the Fifth Amendment's guarantee against compulsory self-incrimination. *Id.* at 364, 106 S.Ct. at 2989, 92 L.Ed.2d at 302. The court held that he was not. *Id.* at 375, 106 S.Ct. at 2995, 92 L.Ed.2d at 308. It reasoned that because the civil commitment proceedings were not "criminal" within the meaning of the Fifth Amendment, due process "does not independently require application of the privilege" against self-incrimination. *Id.*

Likewise, in this case we conclude Seewalker was not entitled to a "presumption-of-non-predator" instruction. While we agree the beyond-a-reasonable-doubt standard is a stringent one and likely adopted by the legislature in recognition of the possibility of the loss of liberty for an individual found to be a sexually violent predator, *see In re Detention of Williams*, 628 N.W.2d 447, 455, (Iowa 2001) ("Although the statute is civil in nature, the liberty interests at stake prompted the legislature to impose a higher burden of proof on the State."), the concept "presumption of innocence" is clearly drawn from the criminal sphere and simply has no applicability to this type of case. We also find it noteworthy that the presumption-of-innocence instruction is not necessarily even constitutionally mandated in a

---

1. We do note, however, that although these proceedings are civil in nature some rights afforded defendants in criminal prosecutions are also granted to respondents in civil commitment cases. *See generally* Iowa Code § 229A.5 (the right to a preliminary hearing to determine whether probable cause exists to proceed to trial); Iowa Code § 229A.6(1) (the right to assistance of counsel); Iowa Code § 229A.7(2) (the right to a speedy trial); Iowa Code § 229A.7(3) (the right to a jury trial); Iowa Code § 229A.7(4) (burden of proof on State beyond a reasonable doubt); Iowa Code § 229A.7(4) (right to a unanimous jury verdict).

criminal action. *See Kentucky v. Whorton,* 441 U.S. 786, 789, 99 S.Ct. 2088, 2090, 60 L.Ed.2d 640, 643 (1979). Based on guidance found in *Taylor v. Kentucky,* 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468, the Supreme Court stated in *Whorton:*

> [t]he failure to give a requested instruction on the presumption of innocence does not in and of itself violate the Constitution. Rather, under *Taylor,* such a failure must be evaluated in light of the totality of the circumstances—including all the instructions to the jury, the arguments of counsel, whether the weight of the evidence was overwhelming, and other relevant factors—to determine whether the defendant received a constitutionally fair trial.

441 U.S. at 789, 99 S.Ct. at 2090, 60 L.Ed.2d at 643.

Furthermore, we find persuasive the State's contention that the civil commitment proceedings of chapter 229A are unlike criminal matters in other respects, and as such, do not require the added protections afforded by a presumption-of-nonpredator instruction. For instance, a person committed under chapter 229A is entitled to an annual review, *see* Iowa Code § 229A.8(2), in which he or she has the right to demonstrate success with the treatment program. *See id.* § 229A.8 (rebutting the presumption that commitment should continue when "a committed person no longer suffers from a mental abnormality which makes the person likely to engage in predatory acts constituting sexually violent offenses if discharged, or the committed person is suitable for placement in a transitional release program."). Thus, as the State notes, unlike an incarcerated criminal, the committed person holds the key to his or her own freedom.

Regardless, we conclude the instructions actually given by the court adequately conveyed the message to the jury regarding the State's enhanced burden of proof in this civil commitment proceeding. The district court instructed the jury no less than three times of the State's burden to prove Seewalker was, beyond a reasonable doubt, a sexually violent predator. In light of these instructions, we believe there could have been no confusion as to the State's burden of proof in this matter. The instructions were clear and unambiguous: the State held the burden of proof on every element of its claim and that proof was to be established beyond a reasonable doubt. *Compare Taylor v. Kentucky,* 436 U.S. at 486, 98 S.Ct. at 1935, 56 L.Ed.2d at 476 (holding that, in light of its rather "Spartan instructions" on the burden of proof together with other circumstances potentially prejudicial to the defendant, the trial court's failure to instruct on the presumption of innocence violated the petitioner's rights under the Due Process Clause of the Fourteenth Amendment).

Accordingly, we conclude Seewalker, in a civil commitment proceeding, possessed neither a constitutionally nor a statutorily protected right to have the jury instructed that he was presumed to not be a sexually violent predator. The absence of the instruction did not prejudice Seewalker nor deny him a fair trial. The district court thus did not err in refusing his requested instruction.

**AFFIRMED.**