In re the DETENTION OF John J. CRANE,

John J. Crane, Appellant.

No. 04–0606.

Supreme Court of Iowa.

Sept. 23, 2005.

Rehearing Denied Oct. 12, 2005.

Mark C. Smith, First Assistant State Public Defender, and Matthew S. Sheeley,

Assistant State Public Defender, for appellant.

Thomas J. Miller, Attorney General, and Cristen Douglass, Assistant Attorney General, for appellee.

STREIT, Justice.

John Crane appeals his civil commitment as a sexually violent predator. Crane claims his attorney should have asked for a jury instruction stating he is presumed not to be a sexually violent predator. Because we recently ruled a presumption instruction is not required in chapter 229A proceedings, we affirm. Crane also claims the district court erred when it instructed the jurors they had nothing to do with his confinement or treatment. We find the disputed instruction was not erroneous or misleading.

## I. Facts and Prior Proceedings

John Crane has three convictions for assault with intent to commit sexual abuse. Shortly before he was scheduled to be released from his latest stint in prison, the State initiated civil commitment proceedings against him under Iowa's Sexually Violent Predator Act (SVPA). *See generally* Iowa Code ch. 229A (2003).

At trial, the State's expert testified Crane had three mental abnormalities which predisposed him to commit sexually violent acts: sexual sadism,[1] paraphilia,[2] and a personality disorder with anti-social and narcissistic features. The expert concluded Crane was likely to reoffend. A jury found Crane was a sexually violent predator, and he was committed to the custody of the Department of Human Services.

Crane appealed. Crane claims (1) his trial counsel was ineffective because he did not request an instruction that Crane should be presumed not to be a sexually violent predator and (2) the district court erred when it told the jurors they had "nothing to do with [Crane's] confinement or treatment."

## II. Principles of Review

 We generally review a trial court's decision to give an instruction for correction of errors of law. *See, e.g., State v. Walker*, 600 N.W.2d 606, 608 (Iowa 1999). We review ineffective-assistance-of-counsel claims de novo. *In re L.M.*, 654 N.W.2d 502, 506 (Iowa 2002).

## III. The Merits

### A. Ineffective Assistance of Counsel

According to Crane, the "principal issue" in this appeal is whether his trial counsel was ineffective. Crane claims his attorney should have requested a jury instruction stating he should be presumed not to be a sexually violent predator.

As a threshold matter, we note that in this appeal the State concedes that respondents in chapter 229A proceedings have the right to effective assistance of counsel.[3]

1. Sexual sadism is defined as a person who has recurrent sexually arousing fantasies, urges, or behaviors in which the person derives sexual excitement from the psychological or physical suffering of another.

2. Paraphilia refers to recurrent intense sexual fantasies, sexual urges, or behaviors that involve nonconsenting adults.

3. The State makes this concession notwithstanding the fact that chapter 229A proceedings are civil and not criminal in nature, and therefore the Sixth Amendment is not directly implicated. The State posits that because a respondent in a chapter 229A proceeding has a statutory right to counsel, *see* Iowa Code § 229A.6(1), due process demands the appointed counsel provide effective assistance. This appears to be consistent with precedent. *See In re D.W.*, 385 N.W.2d 570, 579 (Iowa 1986) (applying similar reasoning in termination of parental rights cases); *Patchette v.*

Both parties therefore analyze Crane's first claim according to ordinary ineffective-assistance-of-counsel jurisprudence. For this reason, we do the same.

To succeed on an ineffective-assistance-of-counsel claim, a defendant must prove (1) trial counsel failed to perform an essential duty and (2) prejudice resulted. *State v. Stallings*, 658 N.W.2d 106, 108–09 (Iowa 2003) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984)). Failure to prove either element is fatal to the claim. *See State v. Dalton*, 674 N.W.2d 111, 119 (Iowa 2004).

■ Although the presumption-instruction issue was an open one at the time of Crane's trial, we recently held respondents in chapter 229A proceedings are not entitled to such an instruction. *In re Detention of Palmer*, 691 N.W.2d 413, 422–23 (Iowa 2005); *see also In re Detention of Seewalker*, 689 N.W.2d 705, 707 (Iowa Ct. App.2004) (anticipating *Palmer*). As we explained in *Palmer*, the SVPA is civil in nature. 691 N.W.2d at 422. "Just as the defendant in a tort suit would not be entitled to a jury instruction that he is presumed not to be a tortfeasor, [a chapter 229A respondent] is not entitled to an instruction that he is presumed not to be a sexually violent predator." *Id.* Such an instruction is not necessarily improper; rather, it is merely not required by the SVPA or either the federal or state constitutions. *Id.* at 423.

Because Crane's underlying argument fails, so too must his ineffective-assistance-of-counsel claim. *See In re Detention of Willis*, 691 N.W.2d 726, 730 (Iowa 2005). His trial counsel did not fail to perform an essential duty. *See Dalton*, 674 N.W.2d at 119–20 (rejecting ineffective-assistance-of-counsel claim because underlying claim lacked merit; trial counsel thus did not fail to perform an essential duty).

## B. Instruction No. 17

At trial, Crane objected to the following jury instruction dealing with confinement:

> It is your duty as jurors to determine if the Respondent John J. Crane is or is not a sexually violent predator.
>
> In the event of a verdict that the Respondent is a sexually violent predator, *you have nothing to do with confinement or treatment.*

Crane contends the italicized portion of this instruction misstated the law and was confusing.

While Crane admits a jury is not "involved" with postcommitment treatment, he argues a jury decides whether the respondent in a chapter 229A proceeding should be confined. Crane points out that a jury's finding that a respondent is a sexually violent predator necessarily results in confinement. *See* Iowa Code § 229A.7(5). He also notes that the definition of a sexually violent predator includes a finding that the person is "likely to engage in predatory acts constituting sexually violent offenses, *if not confined in a secure facility.*" *Id.* § 229A.2(11) (emphasis added). Crane contends it was wrong to tell the jurors they had "nothing to do with confinement," when their findings require them to conclude the defendant will probably commit such acts if not confined.

■ We find nothing erroneous or confusing about the instruction. It is true commitment was a mandatory consequence of the jury's verdict that Crane was a sexually violent predator. The instruction, however, simply told the jurors that they had to determine whether the respondent was a sexually violent predator and in-

*State,* 374 N.W.2d 397, 398–99 (Iowa 1985) (postconviction proceedings).

structed them not to concern themselves with the consequences of their decision, which might include treatment and confinement. The instruction accurately stated the law.

We recently rejected a similar argument in the criminal context. In *State v. Piper*, 663 N.W.2d 894 (Iowa 2003), the defendant challenged the following longstanding criminal jury instruction:

> The duty of the jury is to determine if the defendant is guilty or not guilty. In the event of a guilty verdict, you have nothing to do with punishment.

*Piper*, 663 N.W.2d at 914. The defendant in *Piper* claimed the instruction was incorrect because a verdict of guilty of first-degree murder always results in a mandatory life sentence. *Id.* at 914–15. In rejecting the argument that such an instruction misleads the jury into believing its verdict would have no effect on confinement, we wrote:

> The ... instruction was a correct statement of the law.... If the defendant is suggesting the court's instruction would lead the jury to believe its determination of guilt or innocence would have no effect on the defendant's punishment, we find such a suggestion unreasonable. Jurors are simply not that naive. They know that if they find a defendant guilty, he will be punished in some fashion. They also know that the more serious the offense of which the defendant is convicted, the more severe the punishment the defendant will receive. But, as the court instructed, the determination of that punishment does not involve the jury. Because we think the court's instruction was not erroneous and because the jury could not have been misled by

the instruction, we find no basis for reversal in this assignment of error.

*Id.* at 915 (internal citations omitted).

The same reasoning applies with equal force here. Jurors are not naive; these jurors knew that if they found Crane a sexually violent predator, he would be committed—and probably for a long time. The court's instruction simply told the jurors they should not concern themselves with Crane's subsequent treatment or confinement, but rather focus upon whether he was a sexually violent predator. The court's instruction was not erroneous or misleading.[4]

## IV. Conclusion

Crane's trial counsel was not ineffective for failing to request an instruction that he be presumed not to be a sexually violent predator. Nor did the district court err when it instructed the jurors that they had "nothing to do with confinement or treatment." We affirm.

**AFFIRMED.**

---

4. It may have been more accurate to insert specific terminology relating to the period of confinement in the jury instruction, such as: "In the event of a verdict that the Respondent is a sexually violent predator, you have nothing to do with *the period of* confinement," but we do not find the absence of such language erroneous or misleading.