# IN THE COURT OF APPEALS OF IOWA

No. 4-041 / 11-1859
Filed March 26, 2014

IN THE MATTER OF THE DETENTION OF
ROBERT E. SWANSON,

ROBERT E. SWANSON,
            Respondent-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Thomas N.

Bower and Jon Fister, Judges.

Respondent appeals the district court orders determining he was not

entitled to a final hearing on his annual review and denying his petition for

discharge from civil commitment as a sexually violent predator.  **AFFIRMED.**

Alison Werner Smith of Hayek, Brown, Moreland & Smith, L.L.P., Iowa

City, for appellant.

Robert E. Swanson, Ayer, Massachusetts, appellant pro se.

Thomas J. Miller, Attorney General, and Linda J. Hines and Susan R.

Krisko, Assistant Attorneys General, for appellee State.

Considered by Vogel, P.J., Tabor, J., and Huitink, S.J.*  Bower, J., takes

no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**HUITINK, S.J.**

Robert Swanson appeals the district court orders determining he was not entitled to a final hearing on his annual review and denying his petition for discharge from civil commitment as a sexually violent predator. The district court determined that under Iowa Code section 229A.5C(1) (2007), the civil commitment proceedings in Iowa were suspended when Swanson was placed in federal custody, necessitating cancellation of Swanson's final hearing, and he never appealed that order. Contrary to Swanson's assertions, a person may be civilly committed and serve a prison sentence at the same time. Based on the supreme court's order specifically raising the issue of the effect of section 229A.5C(1), we find no error in the court's action. We affirm the decisions of the district court.

### I. Background Facts & Proceedings.

Robert Swanson has "a long history of committing sexually violent offenses." *In re Det. of Swanson*, 668 N.W.2d 570, 573 (Iowa 2003). In 2002, he was determined to be a sexually violent predator (SVP) and was civilly committed under Iowa Code chapter 229A (2001) to the custody of the Iowa Department of Human Services (DHS). His commitment as an SVP was affirmed on appeal. *Id.* at 577.

In 2007, Swanson filed a request for a final hearing in relation to his annual review under section 229A.8 (2007), which was denied by the district court. Swanson filed a petition for writ of certiorari. The Iowa Supreme Court, in an unpublished decision, determined "Swanson met his burden of presenting admissible evidence that, if believed, could lead a fact finder to find reasonable

doubt on the issue of Swanson's mental abnormality." *Swanson v. Iowa Dist. Ct.*, No. 07-1336, 2009 WL 213020, at *1 (Iowa Jan. 30, 2009). The court sustained the writ of certiorari and remanded the case to the district court for a final hearing. *Id.* Procedendo was issued on March 4, 2009.

While Swanson's case was pending before the Iowa Supreme Court, on December 17, 2008, Swanson was charged with committing a federal offense by mailing a threatening communication to a federal judge, in violation of 18 U.S.C. § 876(c). *See United States v. Swanson*, No. CR08-4096-MWB, 2009 WL 1052945 at *1 (N.D. Iowa Apr. 20, 2009). According to Swanson he has been in federal custody since January 22, 2009. He entered a guilty plea to the federal charge. *Id.* On July 8, 2009, Swanson was committed to the custody of the United States Bureau of Prisons for ninety-six months.

In Iowa, the State filed a motion to cancel the remanded hearing on the ground the proceedings were suspended under Iowa Code section 229A.5C(1). Section 229A.5C(1) provides:

> If a person who is detained pursuant to section 229A.5 or who is subject to an order of civil commitment under this chapter commits a public offense, the civil commitment proceedings or treatment process shall be suspended until the criminal proceedings, including any term of confinement, are completed. The person shall also not be eligible for bail pursuant to section 811.1.

"This section provides that, if a person commits a criminal offense during treatment, the treatment process will be suspended until the criminal proceedings, including any term of confinement, are complete." *In re Det. of Bradford*, 712 N.W.2d 144, 149 (Iowa 2006). The district court cancelled the

hearing, which had been scheduled for December 8, 2009. Swanson did not appeal that decision.

On September 30, 2010, Swanson filed a pro se petition challenging the cancellation of the remanded hearing and claiming section 229A.5C(1) was unconstitutional under the Eighth and Fourteenth Amendments. On November 19, 2010, the district court entered an order stating there was no basis for finding section 229A.5C(1) was unconstitutional.

On August 30, 2011, Swanson filed a pro se petition seeking discharge. On September 28, 2011, the district court entered an order denying Swanson's request for dismissal of the civil commitment proceedings under chapter 229A.

Swanson filed several pro se pleadings with the Iowa Supreme Court. The supreme court entered an order determining Swanson had timely appealed, or attempted to timely appeal, the district court's orders of November 19, 2010, (arising from the petition filed on September 30, 2010) and September 28, 2011, (arising from the petition filed on August 30, 2011) and determined those appeals should proceed.[1] The case was then transferred to the Iowa Court of Appeals for consideration.

## II. Standard of Review.

Our review is for the correction of errors at law. *In re Det. of Altman*, 723 N.W.2d 181, 184 (Iowa 2006). On constitutional issues, however, we review de novo in light of the totality of the circumstances. *In re Det. of Betsworth*, 711 N.W.2d 280, 289 (Iowa 2006).

---

[1] While there are other petitions and rulings in the district court file, the Iowa Supreme Court has determined Swanson's appeal may proceed only on the two specified rulings, which arise from two specified petitions.

### III. Ruling of November 19, 2010.

As noted above, the district court entered an order on December 2, 2009, cancelling the remanded hearing. On September 30, 2010, Swanson filed a pro se petition raising the following issues: (1) his Eighth Amendment rights had been violated because he could not be both civilly committed and serve a federal sentence; (2) section 229A.5C(1) should not apply to his factual situation; (3) the order cancelling his remanded hearing violated his due process rights; (4) it would cause a conflict if he voluntarily participated in sex offender treatment in the federal system because his treatment had been suspended in Iowa under section 229A.5C(1); and (5) he should have his remanded hearing *or* the SVP proceedings in Iowa should be dismissed.

The district court issued an order on November 19, 2010, finding Swanson's arguments were without merit. The Iowa Supreme Court specifically noted Swanson had not appealed the December 2, 2009 order cancelling the remanded final hearing, but determined his appeal of the November 19, 2010 order could proceed.

**A.** Under Iowa Rule of Appellate Procedure 6.101(1)(b), Swanson had thirty days to appeal the district court's order cancelling the remanded final hearing. He did not appeal. Even if the district court's decision to cancel the hearing was incorrect, that decision is not open to collateral attack but can be corrected only by direct review. *See Gail v. W. Convenience Stores*, 434 N.W.2d 862, 863 (Iowa 1989). Because Swanson did not timely appeal the district court's order of December 2, 2009, cancelling the remanded hearing, he cannot challenge that cancellation. *See Morris Plan Co. v. Bruner*, 458 N.W.2d 853, 855

(Iowa Ct. App. 1990) (noting a party's failure to timely appeal a court's ruling makes the ruling final as to that party). Therefore, to the extent Swanson's petition filed on September 30, 2010, is a collateral challenge to the district court's decision cancelling the remanded hearing, those issues will not be considered in this appeal.

**B.** We note that in addition to asking for the reinstatement of his final hearing, Swanson asked to have the SVP proceedings in Iowa dismissed based on his belief there was an Eighth Amendment violation if he was civilly committed in Iowa and serving a federal sentence at the same time. He does not, however, raise any Eighth Amendment issue on appeal and has waived that issue. *See* Iowa R. App. P. 6.903(g)(3).

Furthermore, a person may be civilly committed and serve a prison sentence at the same time. In *Bailey v. Gardebring*, 940 F.2d 1150, 1152 (8th Cir. 1991), Clark Bailey was civilly committed, then transferred to the Minnesota Department of Corrections, but remained under civil commitment, "and thus will be subject to the jurisdiction of the Commissioner of Public Welfare upon finishing his prison sentence." On Bailey's due process challenge, the Eighth Circuit Court of Appeals determined his dual commitment, under the civil commitment statute and under the criminal statutes, did not violate the Due Process Clause. *Bailey*, 940 F.2d at 1153.

We affirm the decision of the district court denying the claims Swanson raised in his petition filed on September 30, 2010.

**IV.  Ruling of September 28, 2011.**

On August 30, 2011, Swanson filed a petition seeking discharge from civil commitment.  He raised the following issues: (1) the cancellation of the remanded hearing violated his due process rights; (2) he cannot be both civilly committed in Iowa and serve a federal sentence at the same time; (3) the operation of section 229A.5C(1) suspending his treatment for ninety-six months while he serves his federal sentence shows he does not need treatment; and (4) he should have his final hearing *or* the SVP proceedings in Iowa should be dismissed.  On September 28, 2011, the district court denied his petition for discharge.

We have already determined Swanson cannot collaterally challenge the district court order cancelling the remanded final hearing.  *See Gail*, 434 N.W.2d at 863.  We have also determined Swanson's claim that he could not be civilly committed and serve a prison sentence at the same time is without merit.  *See Bailey*, 940 F.2d at 1153.  He has not appealed on his claim the operation of section 229A.5C(1) suspending his treatment for ninety-six months while he serves his federal sentence shows he does not need treatment, waiving that issue on appeal.  *See* Iowa R. App. P. 6.903(g)(3).

On appeal, Swanson raises an issue concerning the statutory language of sections 229A.5C(1) and 229A.11 that was not raised before the district court. We conclude this issue has not been preserved for our review.  *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

We affirm the district court decision denying the claims Swanson raised in his petition for discharge filed on August 30, 2011.

## V. Supreme Court Order.

By an order the Iowa Supreme Court ruled, "What, if any, effect the suspension language in Iowa Code section 229A.5C had on the district court's authority or jurisdiction to consider those matters is an issue the parties may argue on appeal."

On appeal, the parties have interpreted the supreme court's statement to mean that arguments may be raised on the issue of whether the district court had authority or jurisdiction under section 229A.5C(1) to cancel the final hearing in light of the supreme court's order remanding the matter back to the district court for a hearing. We do not so interpret the supreme court's statement. As noted above, Swanson never appealed the district court decision cancelling the remanded final hearing. He cannot collaterally challenge that order at this time. *See Gail*, 434 N.W.2d at 863.

We determine the Iowa Supreme Court was raising the issue of whether the district court had authority or jurisdiction to consider the two petitions presently on review due to the suspension language in section 229A.5C(1). The term "those matters" in the court's statement refers to the two petitions mentioned immediately above the court's statement.

The parties have not directly briefed the issue we believe the supreme court was referring to. In relation to other arguments they have briefed a somewhat related issue, which is whether the term "civil commitment proceedings" in section 229A.5C(1) means the proceedings to initially civilly

commit a person or would include a final hearing under section 229A.8. Because the parties have only presented the more limited issue of whether a final hearing under section 229A.8 would have been suspended by the operation of section 229A.5C(1), rather than the more broad issue of whether all proceedings, including the ones brought in this appeal, are suspended by the code section, we will address only the limited issue raised here.

On the issue of statutory interpretation, the Iowa Supreme Court has stated:

> The purpose of statutory interpretation is to determine the legislature's intent. We give words their ordinary and common meaning by considering the context within which they are used, absent a statutory definition or an established meaning in the law. We also consider the legislative history of a statute, including prior enactments, when ascertaining legislative intent. When we interpret a statute, we assess the statute in its entirety, not just isolated words or phrases. We may not extend, enlarge, or otherwise change the meaning of a statute under the guise of construction.

*Schaefer v. Putnam*, 841 N.W.2d 68, 75 (Iowa 2013).

The term "civil commitment proceedings" has not been defined in chapter 229A. Furthermore, the term has not been used in only one sense in the chapter. Section 229A.1 states, "the general assembly finds that a civil commitment procedure for the long-term care and treatment of the sexually violent predator is necessary." The use here seems to mean the entirety of the procedures in chapter 229A, including final hearings on an annual review and petitions for discharge. On the other hand, section 229A.2(10)(g) refers to whether an act has been determined "during civil commitment proceedings" to be a sexually violent offense. The term "civil commitment proceedings" is used here

to refer to the initial proceedings to commit someone as a SVP. *See* Iowa Code §§ 229A.5C(3), .7(4).

The term "civil commitment proceedings" has been used in case law to describe proceedings after a person has already been civilly committed as a SVP. *See Taft v. Iowa Dist. Ct.*, 828 N.W.2d 309, 312 (Iowa 2013) ("Recognizing that civil commitment proceedings must comport with the Due Process Clause, the general assembly established a protocol for periodic reviews of the status of each committed person."). In other cases, however, it has been used to refer to the proceedings to initially civilly commit someone. *Atwood v. Vilsack*, 725 N.W.2d 641, 649 (Iowa 2006); *In re Det. of Crane*, 704 N.W.2d 437, 438 (Iowa 2005); *In re Det. of Goodwin*, 689 N.W.2d 461, 463 (Iowa 2004); *In re Det. of Seewalker*, 689 N.W.2d 705, 707 (Iowa Ct. App. 2004).

The State points out the title of section 229A.5C is "Criminal offenses committed while detained or subject to an order of commitment." Swanson is subject to an order of commitment, and the State argues section 229A.5C(1) thus applies to him. The State also points out that for the annual review process, a person who has been committed under chapter 229A should have a current examination every year. *See* Iowa Code § 229A.8(2). The State is also to provide the court with an annual report. *Id.* § 229A.8(5)(d). If a person is in prison, not in the custody of DHS, the ability to conduct an annual examination or gather the information necessary for an annual report is compromised.

The State asserts Swanson's interpretation of section 229A.5C(1) would lead to absurd results—where a person would be out of the custody of DHS, but DHS would be required to provide an annual review not having access to

necessary information. "[S]tatutes are to be read so they make sense and achieve the legislature's purposes." *State v. DeSimone*, 839 N.W.2d 660, 667 (Iowa 2013). "We seek to 'avoid strained, impractical, or absurd results' in interpreting statutes." *Rivera v. Woodward Res. Ctr.*, 830 N.W.2d 724, 733 (Iowa 2013) (citation omitted).

Based on the supreme court's order specifically raising the issue of the effect of section 229A.5C(1), and the parties' arguments on whether a final hearing under section 229A.8 is among the type of civil commitment proceedings that would be suspended by the operation of the code section, we determine a final hearing under section 229A.8 would be suspended by the operation of section 229A.5C(1).

We affirm the district court's decisions on November 19, 2010, and September 28, 2011.

**AFFIRMED.**