654 N.W.2d 502 (2002)
In the Interest of L.M. and D.M., Minor Children,
S.M., Mother, Appellant.
No. 02-0301.
Supreme Court of Iowa.
December 18, 2002.
*503 Scott Bandstra, Des Moines, for appellant mother.
Thomas J. Miller, Attorney General, M. Elise Pippin, Assistant Attorney General, John Sarcone, County Attorney, and Martha Johnson, Assistant County Attorney, for appellee State of Iowa.
*504 Victoria Meade, Des Moines, guardian ad litem for minor children.
TERNUS, Justice.
The juvenile court terminated the parental rights of S.M., appellant, to her two children, L.M. and D.M. The termination order was affirmed by the court of appeals. We granted further review to consider the mother's challenge to the expedited procedures for appeal in termination cases and her ineffective-assistance-of-counsel claim. Upon our review of the arguments of the parties, we affirm.

I. Background Facts and Proceedings.

S.M. is the mother of two children, L.M., born in June 1998, and D.M., born in December 1996. The children were adjudicated in need of assistance in late 1998, based on findings that the mother had left the children home alone on several occasions and did not provide the children adequate nutrition. They were placed in the temporary custody of their maternal grandmother.
Despite services provided to the mother, the State concluded she had not made sufficient progress. So, in November 1999, the State filed a petition to terminate S.M.'s parental rights. The children were removed from their grandmother's care and placed in a foster home. Thereafter, the juvenile court entered an order terminating S.M.'s parental rights. This order was reversed by the court of appeals, however, for reasons that are not germane to the present appeal. On March 14, 2001, the court of appeals remanded the case to the juvenile court to proceed in the best interest of the children.
Upon remand, the State made numerous attempts to provide services to the mother. Having little success, the State filed a second petition to terminate parental rights on August 30, 2001. After hearing, the juvenile court again terminated the mother's parental rights, concluding the prerequisites for termination under section 232.116(1)(e) and (g) had been met. See Iowa Code § 232.116(1)(e), (g) (2001).
S.M. filed an appeal under the expedited procedures set forth in the Iowa Rules of Appellate Procedure. See generally Iowa Rs.App. P. 6.5(2), .6(3)-(4), .10(2), .151-.154. The court of appeals affirmed the termination order and this court granted further review.

II. Issues on Appeal.

S.M. raises five issues on appeal: (1) there was not clear and convincing evidence that her children could not be returned to her care; (2) the State did not provide reasonable services to her in an effort to reunite the family; (3) the services offered by the State did not reasonably accommodate her mental disability; (4) the reduced time for filing a notice of appeal in termination-of-parental rights cases violates her right to equal protection; and (5) the preparation and filing of a brief within the shortened time period allowed in termination cases is per se ineffective assistance of counsel.
Although we have reviewed the record and carefully considered all issues raised by the mother in her application for further review, we will limit our discussion in this opinion to the equal protection and ineffective-assistance-of-counsel claims. With respect to the other three issues, we conclude they pose no legal impediment to termination and, upon our de novo review, we concur in the juvenile court's termination decision. Any additional discussion in this opinion would not add to the analysis or discussion in the prior opinions of the court of appeals and juvenile court.

*505 III. Equal Protection.

Our review of claims under the Equal Protection Clause is de novo. See In re C.M., 652 N.W.2d 204, 209 (Iowa 2002). The party mounting an equal protection challenge to a rule must "negate every reasonable basis" upon which the rule could be sustained. Bowers v. Polk County Bd. of Supervisors, 638 N.W.2d 682, 688 (Iowa 2002).
The Fourteenth Amendment prohibits a state from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. This constitutional provision "requires that similarly-situated persons be treated alike." Bowers, 638 N.W.2d at 689. It also requires that any classification of persons be justifiable under the applicable constitutional standard. Id. When "the challenged statute classifies persons in terms of their ability to exercise a fundamental right or when it classifies or distinguishes persons by race or national origin," the State must show "that the classification is narrowly tailored to serve a compelling government interest." In re Detention of Williams, 628 N.W.2d 447, 452 (Iowa 2001). Where a suspect class or fundamental right is not involved, the State need only show it has a rational basis for the classification. Bowers, 638 N.W.2d at 689.
Here, the mother claims the strict scrutiny standard applies because the appeal affects her "fundamental `liberty interest in the care, custody and control of her child.'" See In re K.M., 653 N.W.2d 602, 607 (Iowa 2002) (citation omitted). A question with respect to the standard to be applied under the Equal Protection Clause also arose in In re C.M., 652 N.W.2d at 210, a case in which the mother, as here, challenged the abbreviated procedures for termination cases. In In re C.M., we noted the possibility that the strict scrutiny standard applied due to the involvement of a fundamental right. Id. We also pointed out, however, that the right directly affectedthe right to an appealwas not fundamental and only warranted an examination of the rules for purposes of ascertaining a rational basis for the classification. Id. As in In re C.M., we need not resolve this question because even under the more exacting standard, the challenged rules pass constitutional muster.
Our decision in In re C.M. provides helpful guidance. In that case, the mother claimed "the use of a petition on appeal in lieu of full briefing violate[d] her right to equal protection of the law by restricting her access to the appellate courts in comparison to appellants in other civil and criminal cases." Id. at 209. Our court rejected this challenge, holding that "the State's interest in obtaining a permanent home for a child as soon as possible is a compelling governmental interest." Id. at 211. We also concluded "that the expedited procedure embodied in the appellate rules is narrowly tailored to address the State's compelling interest." Id. Accordingly, we found no equal protection violation. Id.
The challenge to the rules made in the present case is a variation of the one asserted in In re C.M. Here, the mother focuses on the reduced time for filing a notice of appeal in termination-of-parental-rights cases as compared to the time allowed in other types of appeals. Under Iowa Rule of Appellate Procedure 6.5(2), an appellant in a termination case has only fifteen days, rather than the usual thirty days, to file a notice of appeal. Compare Iowa R.App. P. 6.5(2), with Iowa R.App. P. 6.5(1). We find no constitutional infirmity in this rule for the same reasons we found no problem with the more streamlined briefing format questioned in In re C.M. The State has a compelling interest in *506 finalizing permanent placements for children as soon as possible and a reduction in the time for filing a notice of appeal is narrowly tailored to accomplish that objective. S.M.'s equal protection claim is denied.

IV. Ineffective Assistance of Counsel.

Ineffective-assistance-of-counsel claims are reviewed de novo. See State v. Horness, 600 N.W.2d 294, 297 (Iowa 1999). To succeed, the mother must establish two elements: "(1) counsel's performance was deficient, and (2) actual prejudice resulted." In re C.M., 652 N.W.2d at 207.
S.M. does not claim that her own attorney's performance was deficient in any particular way. Rather, she makes the interesting argument that any attorney representing a parent in compliance with the expedited appellate procedures for termination-of-parental-rights cases is ineffective. She focuses on the new requirement that a petition on appeal must be filed within fifteen days after filing the notice of appeal, claiming that fifteen days does not allow adequate time for preparation of the required pleading. Compare Iowa R.App. P. 6.6(4) (providing that petition on appeal in termination-of-parental-rights cases must be filed within fifteen days from the filing of the notice of appeal), with Iowa R.App. P. 6.13 (allowing fifty days after filing the notice of appeal in which to file appellant's proof brief in all cases not subject to shortened deadlines). In particular, she contends that counsel is precluded from "cit[ing] specific parts of the record to show the appellate court how the trial court erred" because the transcript of the trial cannot be prepared within the fifteen-day timeframe.
We do not agree with the mother's argument that the shortened time for filing a petition on appeal automatically results in deficient performance by appellate counsel. The rules contemplate that the petition will be prepared by trial counsel. See Iowa R.App. P. 6.6(4) (requiring trial counsel to prepare the petition absent "a showing of extraordinary circumstances"). The petition itself is a streamlined, fill-in-the-blanks form, designed to be completed in an expeditious manner. See generally Iowa R.App. P. 6.751Form 4. With respect to factual matters, the appellant is merely asked to "state the material facts as they relate to the issues presented for appeal." Id.; accord Iowa R.App. P. 6.151(2)(c). As for the legal aspects of the appeal, counsel is simply required to "[s]tate the legal issues presented for appeal, including a statement of how the issues arose and how they were preserved for appeal," with a citation to supporting legal authority. See Iowa R.App. P. 6.751Form 4; accord Iowa R.App. P. 6.151(2)(d), (e). Thus, counsel is not expected to exhaustively review the evidence at trial, nor must counsel cite to the record to demonstrate error. Verification of counsel's statements of the facts and issues preserved will be undertaken by the reviewing court, which will have the trial transcript available for reference. Even in the extraordinary situation where trial counsel does not prepare the petition on appeal, the new attorney would most likely be able to consult with trial counsel and the client, as well as be able to review the court file.
We simply cannot conclude, as the appellant asks, that an attorney who files a petition on appeal within the fifteen-day deadline is per se ineffective. Therefore, we reject S.M.'s claim of ineffective assistance of counsel.
DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.