**IN THE COURT OF APPEALS OF IOWA**

No. 13-1187
Filed June 11, 2014

**IN THE INTEREST OF K.R., K.R., K.R, K.R., K.R., and K.R,**
**Minor Children,**

**C.R., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Des Moines County, Michael G. Dietrich, District Associate Judge.

A father appeals the termination of his parental rights to his six children. **AFFIRMED.**

Shane M. Wiley of Hirsch, Adams, Putnam, Cahill, Wiley & Logan, West Burlington, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Patrick C. Jackson, County Attorney, and Todd E. Chelf, Assistant County Attorney, for appellee State.

Heidi D. Van Winkle of The Van Winkle Law Office, Burlington, attorney and guardian ad litem for minor children.

Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, J.**

A father appeals the termination of his parental rights to his six children, arguing the children "had effectively been in the physical custody of the father from late 2012 until late March, 2013." He also asserts a guardianship would be in the children's best interests. We disagree with both contentions and affirm the termination of the father's parental rights.

All six children are four years of age or older. The children were adjudicated children in need of assistance (CINA) on May 11, 2012, after having been removed from their parents' care in April due to domestic violence between the parents and their use of illegal substances, which created a risk to the children of physical abuse or neglect. Pursuant to a dispositional order entered on June 12 the children were placed in the care of their paternal grandparents and custody with the department of human services. The children have remained in the care of the paternal grandparents since that time, and custody has never been returned to the parents. The grandparents have indicated they intend to adopt all six children and provide them with a permanent home if termination occurs.

The juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(e) and (f) (2013).[1] On appeal, the father contends the

---

[1]The relevant portions of section 232.116(1) allow the court to terminate parental rights if:

    e. The court finds that all of the following have occurred:
        (1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
        (2) The child has been removed from the physical custody of the child's parents for a period of at least six consecutive months.
        (3) There is clear and convincing evidence that the parents have not maintained significant and meaningful contact with the child during the

children have not been out of his custody for the requisite time to support

termination under either statutory provision. But the record is clear that the

children have been in the custody of the department and placed with their

grandparents for more than the statutory time period. The father's apparent

argument[2] is that his presence in the house next door to the grandparents'

residence and his having spent time with the children is sufficient to disrupt the

statutory clock. It is not. *In re J.O.*, 675 N.W.2d 28, 30 (Iowa Ct. App. 2004)

---

previous six consecutive months and have made no reasonable efforts to resume care of the child despite being given the opportunity to do so. . . .
f. The court finds that all of the following have occurred:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

[2] In *In re J.A.D.-F.*, 776 N.W.2d 879, 883 (Iowa Ct. App. 2009), this court wrote:

> The rules governing appeals in CINA and termination of parental rights cases employ expedited procedures. "The petition itself is a streamlined, fill-in-the-blanks form, designed to be completed in an expeditious manner." *In re L.M.*, 654 N.W.2d 502, 506 (Iowa 2002). Iowa Rule of Appellate Procedure 6.201(1)(d) provides that the petition on appeal shall substantially comply with Form 5 in rule 6.1401. Paragraph 8 of Form 5 requires a petitioner to "State the legal issues presented for appeal, including a statement of how the issues arose and how they were preserved for appeal." Iowa R. App. P. 6.1401—Form 5. The form further provides:

>> The issue statement should be concise in nature setting forth specific legal questions. General conclusions, such as "the trial court's ruling is not supported by law or the facts," are not acceptable. Include supporting legal authority for each issue raised, including authority contrary to appellant's case, if known.

The entire argument here is found in the solitary statement, "Evidence was presented that the minor children had effectively been in the physical custody of the father." Even though termination appeals are expedited and allow for a "concise" statement of an issue, this statement is barely adequate.

(noting the statutory time period begins to run on the date custody is transferred and continues to run until the date of the termination hearing and "[n]o amount of contact with the child rises to the level of physical or legal custody without a judicial determination and an order returning the child to the parent").

When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). Because there is clear and convincing evidence the children are four years of age or over, have been adjudicated CINA, have been out of their father's custody for the requisite period, and cannot now be returned to him, we affirm the termination of his parental rights pursuant to section 232.116(1)(f).

The father also (minimally) argues that a guardianship would be in the children's best interests, citing Iowa Code section 232.116(3) (subparagraph "a" allows the avoidance of termination if "a relative has legal custody of the child"). We disagree. Even if section 232.116(3)(a) were applicable,[3] a guardianship with a relative is not an appropriate permanency option in this case. Guardianship is not a legally preferable alternative to termination of parental rights and adoption. *In re L.M.F.*, 490 N.W.2d 66, 67–68 (Iowa Ct. App. 1992). Termination is the preferred solution when a parent is unable to regain custody within the time frames of chapter 232. *See In re C.K.*, 558 N.W.2d 170, 174 (Iowa 1997) ("An appropriate determination to terminate a parent-child

---

[3] *See In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014) (observing that "[a]lthough section 232.116(3)(a) allows the juvenile court not to terminate when a 'relative has legal custody of the child,' A.M. [though placed with] is not in the legal custody of her grandparents").

relationship is not to be countermanded by the ability and willingness of a family relative to take the child.").

We affirm the termination of the father's parental rights.

**AFFIRMED.**