**IN THE COURT OF APPEALS OF IOWA**

No. 16-0242
Filed June 15, 2016

**IN THE INTEREST OF L.A. and J.A.,**
**Minor Children,**

**J.W., Mother,**
         Appellant.

_____

Appeal from the Iowa District Court for Johnson County, Deborah Farmer Minot, District Associate Judge.

A mother appeals from the order terminating her parental rights. **AFFIRMED.**

Lynn M. Rose of Mears Law Office, Iowa City, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Anthony A. Haughton of Linn County Advocate, Cedar Rapids, attorney and guardian ad litem for minor children.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

A mother appeals from the order terminating her parental rights to her two children. Upon our de novo review, we affirm.

## I. Background Facts and Proceedings

The mother has four children: L.A., born in 2008, J.A., born in 2011, and two other children not involved in this appeal.[1] The Iowa Department of Human Services has been involved with the family since November 2009. In November 2014, law enforcement removed all four children from the mother's care and custody due to her severe alcohol intoxication and suicide attempt by prescription drugs while acting as the sole caretaker for the children.[2] Since their removal, the mother has continued to abuse alcohol and struggle with mental health issues.

In January 2016, the juvenile court terminated the mother's parental rights to L.A. and J.A. pursuant to Iowa Code section 232.116(1)(d), (f), and (*l*) (2015).[3] The court noted the mother was a severe alcoholic and had attempted suicide at least six times since November 2014. The court found although the mother had participated in visitation and other services, she had not completed any of the permanency plan goals, had been unable to meet her children's basic needs, and had repeatedly put her children's lives at risk. The court determined the State had proved the statutory grounds for termination by clear and convincing

---

[1] The mother's two other children were removed from the mother at the same time L.A. and J.A. were removed. These two children have been placed in the custody of their father.

[2] The mother later pled guilty to child endangerment as a result of the events that lead to the children's November 2014 removal. She received a deferred judgment and was placed on supervised probation for two years.

[3] The juvenile court terminated the parental rights of L.A. and J.A.'s father pursuant to Iowa Code section 232.116(1)(b), (d), (e), and (f). He does not appeal.

evidence and termination was in the children's best interests. Finally, the court acknowledged the mother and her children loved each other but concluded any detrimental effects the children experienced as a result of the termination "would be greatly outweighed by the benefits of permanency through adoption." The mother appeals.[4]

## II. Standard of Review

We review termination-of-parental-rights proceedings de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *Id.* (quoting *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014)). Our primary consideration is the best interests of the children. *See In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

## III. Analysis

On appeal, the mother does not challenge the statutory grounds for termination or argue termination is not in her children's best interests. Instead, she appears to argue the juvenile court should have granted her additional time to work toward reunification with her children, *see* Iowa Code § 232.104(2)(b), and that an exception to termination exists "due to the closeness of the parent-child relationship[s]," *id.* § 232.116(3)(c).

We recognize termination appeals employ expedited procedures. Se*e In re J.A.D.-F.*, 776 N.W.2d 879, 883 (Iowa Ct. App. 2009). Iowa Rule of Appellate Procedure 6.201(1)(d) provides, "The petition on appeal shall substantially

---

[4] The mother's original notice of appeal did not include her signature as required by rule 6.102(1)(a). The mother subsequently filed an amended notice of appeal complying with the rule.

comply with form 5 in rule 6.1401." Paragraph 8 of form 5 requires a petitioner to "[s]tate the legal issues presented for appeal, including a statement of how the issues arose and how they were preserved for appeal." Iowa R. App. P. 6.1401–Form 5. The petitioner is also required to "state what findings of fact or conclusions of law the district court made with which you disagree and why, generally referencing a particular part of the record, witnesses' testimony, or exhibits that support your position on appeal." *Id.* The form further provides: "*The issue statement should be concise in nature setting forth specific legal questions. General conclusions, such as 'the trial court's ruling is not supported by law or the facts,' are not acceptable. Include supporting legal authority for each issue raised, including authority contrary to appellant's case, if known.*" *Id.*

Obviously, the petition on appeal "is a streamlined, fill-in-the-blanks form, designed to be completed in an expeditious manner." *In re L.M.*, 654 N.W.2d 502, 506 (Iowa 2002). We do not expect counsel "to exhaustively review the evidence at trial, nor must counsel cite to the record to demonstrate error." *Id.* Nevertheless, the mother's petition on appeal does not comply with the expedited rules. The legal argument in the mother's petition is presented as a single issue:

> The mother (appellant) requests additional time to address and manage her substance abuse and mental health issues. The mother is bonded with her children and loves them very much. When the mother is with her children and sober, she is a capable and loving parent. The mother wishes for an opportunity to continue parenting her children and to provide them with a safe and loving home.

In support of her argument, the petition states: "There is no supporting authority in favor of the mother's position." The mother's petition clearly fails to substantially comply with form 5 and plainly fails to cite any authority in support of

her claims. We therefore consider her claims waived. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."); *Hollingsworth v. Schminkey*, 553 N.W.2d 591, 596 (Iowa 1996) ("When a party, in an appellate brief, fails to state, argue, or cite to authority in support of an issue, the issue may be deemed waived"); *Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate on the arguments [appellant] might have made and then search for legal authority and comb the record for facts to support such arguments.").

Accordingly, we affirm the juvenile court's order terminating the mother's parental rights to her two children.

**AFFIRMED.**