**IN THE COURT OF APPEALS OF IOWA**

No. 16-1149
Filed September 28, 2016

**IN THE INTEREST OF D.S.,**
**Minor Child,**

**D.S., Father,**
     Appellant.
_____

Appeal from the Iowa District Court for Scott County, Christine Dalton, District Associate Judge.

A father appeals from the order terminating his parental rights. **AFFIRMED.**

John E. Molyneaux, Davenport, for appellant father.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Brenda L. Drew-Peeples of Drew-Peeples Law Firm, Davenport, attorney and guardian ad litem for minor child.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

A father appeals from a juvenile court's order terminating his parental rights to his daughter, D.S., born in 2009. We review termination-of-parental-rights proceedings de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). When a juvenile court terminates parental rights on more than one ground, we may affirm the order on any of the statutory grounds supported by clear and convincing evidence. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

The juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(d), (e), and (f) (2013). We have carefully reviewed the record, the briefs of the parties, and the juvenile court's detailed ruling. We approve of the reasons and conclusions in the opinion and determine a full opinion would not augment or clarify existing case law. *See* Iowa Ct. R. 21.26(1)(d), (e).

The father admitted at the combined permanency review and termination-of-parental-rights hearing that he could not care for his child at that time due to his incarceration. In fact, the father has been in jail or prison for the majority of his child's life. He has not had regular visits with his daughter and has not provided her with any support. The child has never lived with her father, having lived with her maternal aunt since the death of her mother in 2012. The child's maternal aunt is willing to adopt her. Upon our de novo review, we agree with the juvenile court's conclusion the State proved the grounds for termination under Iowa Code section 232.116(1)(f) by clear and convincing evidence and termination of the father's parental rights is in the child's best interests.

Termination and adoption will provide this child with the permanency and stability she deserves.

Accordingly, we affirm pursuant to Iowa Court Rule 21.26(1)(a), (d), and (e).[1]

**AFFIRMED.**

---

[1] Termination appeals employ expedited procedures. *See In re J.A.D.-F.*, 776 N.W.2d 879, 883 (Iowa Ct. App. 2009). Iowa Rule of Appellate Procedure 6.201(1)(d) provides, "The petition on appeal shall substantially comply with form 5 in rule 6.1401." Paragraph 8 of form 5 requires a petitioner to "[s]tate the legal issues presented for appeal, including a statement of how the issues arose and how they were preserved for appeal." Iowa R. App. P. 6.1401–Form 5. The petitioner is also required to "state what findings of fact or conclusions of law the district court made with which you disagree and why, generally referencing a particular part of the record, witnesses' testimony, or exhibits that support your position on appeal." *Id.* The form further provides: "*The issue statement should be concise in nature setting forth specific legal questions. General conclusions, such as 'the trial court's ruling is not supported by law or the facts,' are not acceptable. Include supporting legal authority for each issue raised, including authority contrary to appellant's case, if known.*" *Id.*

The petition on appeal "is a streamlined, fill-in-the-blanks form, designed to be completed in an expeditious manner." *In re L.M.*, 654 N.W.2d 502, 506 (Iowa 2002). We do not expect counsel "to exhaustively review the evidence at trial, nor must counsel cite to the record to demonstrate error." *Id.* Nevertheless, the father's petition on appeal in this case clearly does not comply with the expedited rules. The recitation of material facts and identification of the issues take less than one page and do not cite any legal authority. We therefore could have considered the father's claims waived. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."); *Hollingsworth v. Schminkey*, 553 N.W.2d 591, 596 (Iowa 1996) ("When a party, in an appellate brief, fails to state, argue, or cite to authority in support of an issue, the issue may be deemed waived"); *Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate on the arguments [appellant] might have made and then search for legal authority and comb the record for facts to support such arguments."). We elected to address the merits in this case, but caution counsel to comply with the rules or risk waiver of issues.