# IN THE COURT OF APPEALS OF IOWA

No. 21-0106
Filed July 21, 2021

**IN THE INTEREST OF L.L.,**
**Minor Child,**

**K.K., Mother,**
　　Appellant.

_____

Appeal from the Iowa District Court for Delaware County, Thomas J. Straka, Associate Juvenile Judge.

A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

William A. Lansing of William A Lansing, P.C., Dubuque, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Daniel H. Swift of Swift Law Firm, Manchester, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Mullins and May, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to her child, born in 2019. She contends she was denied (1) "her state and federal constitutional rights to due process by the failure to provide a transcript of trial proceedings prior to the filing of this Petition on Appeal"; (2) "reasonable effort services by [the department of human services'] failure to facilitate residential chemical dependency treatment after [she] had been evaluated with a recommendation for such"; and (3) her "request for a 6-month extension to allow her to accomplish residential chemical dependency treatment."

The first issue has been resolved against the mother. *See In re T.S*, 868 N.W.2d 425, 434 (Iowa Ct. App. 2015) ("There is no per se due process violation inherent in the unavailability of the hearing transcript for termination appeals."); *see also In re L.M.*, 654 N.W.2d 502, 506 (Iowa 2002) (rejecting a constitutional challenge to the reduced time for filing a notice of appeal in termination-of-parental-rights appeals); *In re C.M.*, 652 N.W.2d 204, 212 (Iowa 2002) (holding "the expedited appellate procedure in termination-of-parental-rights cases that permits only a petition on review rather than full briefing does not violate constitutional requirements of procedural due process or equal protection"). *T.S.* is controlling.

The second issue implicates the department's obligation to make reasonable efforts to reunify parent and child or finalize a case permanency plan. *See In re L.T.*, 924 N.W.2d 521, 528–29 (Iowa 2019) (explaining the reasonable-efforts requirement). In evaluating this issue, the factual context is key.

The mother's parental rights to an older child were terminated in mid-2019, based on her use of methamphetamine and "concerns that [she] was not

appropriately addressing [the child's] medical issues." Later the same year, the mother gave birth to the child who is the subject of this appeal. In early 2020, the mother admitted she was still using methamphetamine. She voluntarily placed the child with the child's paternal grandmother, who had custody of the older child. She agreed to seek mental-health and substance-abuse assessments.

The mother tested positive for methamphetamine in May 2020. She obtained an evaluation and began participating in outpatient treatment. However, she did not provide "the consistent negative drug screens as requested to show her sobriety." The department reported that she exhibited "the same behaviors as when [the department] terminated [her] parental rights on the[] older son."

Shortly before the termination hearing in late 2020, the department received the results of an evaluation the mother underwent in the summer of 2020, which recommended inpatient treatment. The mother now argues the department violated its reasonable-efforts mandate by failing to facilitate her participation in inpatient treatment. On our de novo review of the record, we disagree.

The department filed an affidavit listing the services afforded the family, including "[s]ubstance abuse evaluation and treatment, random UA's, mental health services, medication management and visitation for [the mother]." The department caseworker conceded the agency did not facilitate the mother's placement at a residential drug treatment facility but stated it was generally up to the parent to follow-up. The evaluation report supports the testimony. The report placed the onus on the mother to call the facility "and speak with an intake counselor" about residential placement.

Even if the department had an obligation to facilitate inpatient treatment, the mother was reluctant to pursue that type of treatment. As the juvenile court found:

> Mother testified that had she known this recommendation [for inpatient treatment] earlier, she would have participated in inpatient substance abuse treatment and she should be given an extension of time in order to this. The court finds mother's testimony to be suspect in this regard. As indicated in the Court's prior termination order . . . , mother attempted inpatient treatment . . . but left the facility after less than 24 hours. She then attempted inpatient treatment at [another facility] but left after approximately 1 week. Mother made no indication to the Court as to how her dedication to inpatient treatment is now somehow different.

There is no question the mother was well-intentioned; she testified she wanted "to live a normal life" and was "really trying now." But her participation in outpatient services did not yield the hoped-for results. The mother tested positive for methamphetamine three weeks before the termination hearing. A department social worker opined the child could not be safely returned to her care "[b]ecause of her recent drug test results." At the end of the day, we conclude the mother's lack of progress toward sobriety was not a result of failed efforts on the department's part.

This brings us to the final issue, whether the juvenile court should have granted the mother more time to work toward reunification. *See* Iowa Code §§ 232.104(2)(b), .117(5) (2020). In denying her request, the court stated the mother "did not present any plan to the Court which would indicate how things would be different in 6 months when things have not changed over the last 2 years." We agree with the court's assessment. The department social worker recommended against granting the mother more time to participate in services because she was not "engaged as she should be" and she did "the bare minimum

but [did not] follow through all the way, like, with drug testing." And, as noted, the mother was afforded a lengthy period of time to participate in substance-abuse treatment dating back to the inception of the older child's case. For these reasons, we affirm the court's denial of the request for additional time.

The juvenile court order granting the State's petition to terminate the mother's parental rights is affirmed.

**AFFIRMED.**