# IN THE COURT OF APPEALS OF IOWA

No. 20-0771
Filed November 3, 2021

**THOMAS G. RUTHERS, JR.**
    Petitioner-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Cherokee County, Carl J. Petersen,

Judge.


        Thomas Ruthers Jr. appeals the denial of his petition for a writ habeas

corpus. **AFFIRMED.**



        Jack Bjornstad of Jack Bjornstad Law Office, Spirit Lake, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee State.


        Considered by Mullins, P.J., May, J., and Doyle, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2021).

**MULLINS, Presiding Judge.**

Thomas Ruthers Jr. appeals the denial of his petition for a writ habeas corpus. He argues his counsel in an underlying proceeding concerning his status as a sexually violent predator (SVP) rendered ineffective assistance in failing to challenge his guilty plea in a criminal proceeding and object to hearsay evidence.

## I.    Background

We previously stated the factual and procedural background as follows:

> In September 2010, Ruthers was charged by trial information in Mahaska County with sexual abuse in the second degree. The charge was based on reports Ruthers sexually abused R.S. in 2007 when Ruthers helped R.S.'s mother move to Iowa. Ruthers was incarcerated in lieu of $35,000 bail pending trial.
>
> In March 2012, shortly before a scheduled trial on the charge, Ruthers reached a plea agreement with the State providing that in exchange for his guilty plea to assault causing bodily injury to R.S., he would be sentenced to serve one year in the Mahaska County Jail with credit for one year already served. Under the plea agreement, the charge of sexual abuse in the second degree would be dismissed and Ruthers would be released from custody after he was sentenced.
>
> In the jail, on Friday March 16, Ruthers signed a written plea of guilty to the misdemeanor assault charge in an amended trial information,[1] waiving his right to presence at sentencing.
>
> The following Monday, at 2:57 p.m., Ruthers's written plea of guilty was filed. The court accepted the plea of guilty to the misdemeanor assault, entered judgment as agreed in the plea agreement in an order filed 3:40 p.m., and dismissed the charge of

---

[1]

The written plea described the offense as an assault against the mother of R.S., a mistake that does not figure in the arguments on appeal. The State never alleged Ruthers assaulted R.S.'s mother; the mother's name is just one letter different than the name of R.S. Our record does not reveal the reason the mother was named in the written guilty plea rather than R.S. Ultimately, the court corrected the factual basis of the guilty plea to name R.S. as the victim. This issue was previously raised on direct appeal, subsequently dismissed, and raised again in postconviction-relief proceedings and on appeal of those proceedings. *See Ruthers v. State*, No. 16–0249, 2018 WL 739244 at *1–5 (Iowa Ct. App. Feb. 7, 2018).

sexual abuse in the second degree with prejudice. The court ordered that mittimus not issue. Ruthers was not present in court.

Sometime the same day, Ruthers was served in the jail with the State's petition for his commitment as an SVP, which was filed that afternoon at 1:10 p.m. He was not released as contemplated in the plea agreement but remained held in custody on the SVP petition.

On March 22, the district court held a hearing pursuant to Iowa Code section 229A.5(2) (2012) and entered a probable cause finding on the SVP petition. Ruthers was brought to the hearing and argued for dismissal on the ground he was not "presently confined" for a sexually violent offense because he had pled guilty to a nonsexual assault of an adult female, B.S. The court denied Ruthers's motion for dismissal, and Ruthers remained incarcerated on the probable cause finding for more than four years.[2]

The State, anticipating a problem based on Ruthers's motion, moved to set aside the guilty plea he had signed. On March 26, four days after the probable cause hearing and seven days after sentencing, the district court entered an order called "supplement" to its judgment, finding the specific factual basis for Ruthers's plea was "the defendant picked up the child victim, R.S., and threw him on the bed in a hard manner. The defendant caused R.S. to hit his head on the board, causing a bump."

Ruthers then filed a motion in the criminal case seeking a determination of whether he had to register as a sex offender. In a hearing on Ruthers's motion, the court declined to reach the merits of the issue raised by Ruthers, but added:

> Even if I was going to make a determination on the merits, I wouldn't do anything else beyond what I've already done because Iowa Code section 708.15 indicates that the fact finder *may* make a determination that the offense was sexually motivated. I didn't make that determination. And I don't believe that section 708.15 requires the court to make the determination that it was not sexually motivated.

(Emphasis added.) Prior to trial on the State's SVP petition, Ruthers filed a motion to dismiss, a motion for summary judgment, and a motion to dismiss for lack of subject matter jurisdiction. The motions were denied.

The SVP petition was tried to the court on August 19, 2017. In addition to expert testimony presented by the State and Ruthers, R.S. also testified. The court made the following findings of fact:

---

[2] The parties seem to agree that the passage of time was Ruthers's preference because he wanted to litigate a postconviction application challenging the misdemeanor conviction for assault. The ruling denying postconviction relief was affirmed by this court on February 7, 2018. *See Ruthers*, 2018 WL 739244.

The following have been established beyond a reasonable doubt:

(1) State's Exhibits 3 and 4 establish that Ruthers has been convicted of a past sexually violent offense.

(2) Between October 1, 2007, and November 30, 2007, on at least eight occasions Ruthers stayed in a hotel room with R.S. Only those two stayed in the hotel room on these occasions.

(3) R.S. was the same gender and age range of Ruthers's previous pedophilic interest. R.S. has behavioral and learning problems.

(4) Ruthers and R.S. slept in the same bed together while at the hotel room. No other adults were present on the occasions.

(5) R.S. on at least one occasion swam naked in the hotel room's hot tub. Ruthers would not allow R.S. to wear swimming trunks.

(6) In Mahaska County Ruthers pled guilty to assault causing bodily injury, a serious misdemeanor. The factual basis for Ruthers's plea of guilty as it relates to R.S. was as follows: "Picked him up and threw him on the bed in a hard manner" and that he "hit his head on the board and had a bump." Ruthers humped R.S. The minutes of testimony go on to state that while Ruthers was throwing R.S. on the bed, it was in connection with sex acts performed by Ruthers on R.S.

(7) The Mahaska County conviction for assault causing bodily injury was sexually motivated. The facts and circumstances around this offense bear striking similarity to the events that got Ruthers in trouble in the State of West Virginia.

(8) Ruthers suffers from a mental abnormality, that being, Pedophilic Disorder.

(9) Ruthers is likely to commit predatory acts of sexual violence if not confined for treatment. In fact, Ruthers is 97.2% more likely than other sexual offenders to recidivate, based on Dr. Salter's scoring of the STATIC-99R.

(10) Ruthers's mental abnormality of Pedophilic Disorder causes him difficulty in his emotional and volition control.

(11) The likelihood that Ruthers will commit predatory acts if not confined is based in part on his relationship with R.S. in Mahaska County, his lack of

prior successful treatment, and the actuarial and empirical data identified by Dr. Salter.

(12) Dr. Salter is focused on Ruthers's likelihood to recidivate during his lifetime, not just the next five to ten years.

(13) Ruthers has never successfully completed sex offender treatment. While in prison, he quit the program because of the facilitator.

(14) The Court concludes that Ruthers's involvement with R.S., which led to Ruthers pleading guilty, constitutes a "recent overt act." Specifically, the Court finds that Ruthers engaged in sexual contact with R.S. which includes Ruthers humping R.S. and Ruthers forcing R.S. to touch his penis.

(15) The above-described actions caused harm in a sexually violent nature.

(16) Ruthers admits to having at least four or five sexual victims, with the youngest victim being eight or nine.

On September 13, 2017, the court entered its ruling finding Ruthers to be an SVP and committing him to the custody of the Iowa Department of Human Services.

*In re Det. of Ruthers*, No. 17-1539, 2018 WL 5840803, at *1–3 (Iowa Ct. App. Nov. 7, 2018) (altered for readability).

On direct appeal, we reversed and remanded, concluding "Ruthers was not 'presently confined'—within the meaning of section 229A.4(1)—at the time the State filed the SVP petition" and "the act the State alleged was the necessary 'recent over act' was no longer 'recent' at the time of the SVP commitment hearing." *Id.* at *7. The State sought further review, and the supreme court, being equally divided, affirmed the district court by operation of law. *In re Det. of Ruthers*, No. 17-1539, 2019 WL 1890455, at *1 (Iowa Apr. 21, 2019); *see* Iowa Code § 602.4107.

In November 2019, Ruthers filed a petition for writ of habeas corpus. Among other things, he argued his committal was unconstitutional because he

received ineffective assistance of counsel. The State moved for dismissal or denial of the petition. Ruthers resisted. Following a brief hearing, the court denied the petition for writ of habeas corpus. The court reasoned that in a habeas corpus proceeding, the court could only review ineffective-assistance claims as they relate to deficient jurisdiction and there was no longer a basis for Ruthers to claim ineffective assistance as a jurisdictional defect because the supreme court affirmed the original civil-commitment ruling. Pursuant to Iowa Rule of Civil Procedure 1.904(2), Ruthers filed a motion to reconsider, enlarge or amend, which the court denied. Shortly after said denial, Ruthers filed an amendment to his motion, which the court denied as untimely since it had already ruled on the motion. Ruthers appeals.[3]

---

[3] While neither party addresses a potential impediment to our jurisdiction to consider this appeal, "an appellate court has responsibility *sua sponte* to police its own jurisdiction." *Bribriesco-Ledger v. Kilpsch*, 957 N.W.2d 646, 649 (Iowa 2021) (citation omitted). Iowa Rule of Civil Procedure 1.904(2) allows for the filing of a motion to reconsider, enlarge, or amend within the time for filing a motion for a new trial. Rule 1.1004 governs motions for a new trial, and rule 1.1007 requires they be filed within fifteen days of the underlying decision. The district court's decision was filed on March 12, and Ruthers filed his motion on March 30. The deadline to file was March 27, a Friday. *See* Iowa Code § 4.1(34) (setting forth rules for computation of time). "The timeliness of posttrial motions and appeal is a matter of jurisdiction and is not subject to waiver." *State ex rel. Miller v. Santa Rose Sales & Mktc, Inc.*, 475 N.W.2d 210, 214 (Iowa 1991), *superseded by statute on other grounds*, 1992 Iowa Acts ch. 1242, § 37 (codified at Iowa Code § 910.7A), *as recognized in State v. Hagen*, 840 N.W.2d 140, 152 (Iowa 2013). So the motion would not have extended the time to file a notice of appeal, which Ruthers filed on May 18, more than thirty days after the court's ruling. *See* Iowa R. App. P. 6.101(1)(b).

All that said, rule 1.442(4) provides: "Whenever these rules or the rules of appellate procedure require a filing with the district court or its clerk within a certain time, the time requirement shall be tolled when service is made, provided the actual filing is done within a reasonable time thereafter." This rule applies to motions under rule 1.904(2). *See Estate of Morgan v. North Star Steel Co.*, 484 N.W.2d 199, 200 (Iowa 1992). Ruthers's motion notes it was served upon the State on Thursday, March 26, within the time for filing the motion. We conclude

**II.     Standard of Review**

Habeas corpus proceedings are reviewable for legal error but ineffective-assistance-of-counsel claims are reviewed de novo.  *State v. Hernandez-Galarza*, 864 N.W.2d 122, 126 (Iowa 2015).

**III.     Analysis**

We begin with the State's position that habeas relief is not available because Ruthers does not raise a jurisdictional defect.[4]  Our supreme court has described habeas corpus proceedings as follows:

> Historically, the writ [of habeas corpus] provided a postconviction remedy after the time for appeal had passed, allowing an individual to obtain an evidentiary hearing and a determination of any alleged denial of constitutional rights.  However, habeas corpus is not an avenue to determine the guilt or innocence of an individual, pass upon errors at trial, or challenge the sufficiency of the evidence.  Rather, the question is whether the trial court lacked jurisdiction to enter judgment.  Constitutionally ineffective assistance of counsel

---

actual filing of the motion the following Monday was within a reasonable time and the deadline was therefore tolled, thus conferring appellate jurisdiction.

[4] In its responsive brief, the State maintains Ruthers made no claims in his initial brief that ineffective assistance of SVP counsel can serve as a jurisdictional defect warranting relief on habeas corpus, the argument is therefore waived, and Ruthers should not be permitted to elaborate on the issue for the first time in his reply brief.

In his reply brief, Ruthers expounds on the issue, arguing "ineffective assistance of counsel constitutes the 'jurisdictional defect' reviewable by habeas corpus."  The State filed a responsive motion to strike that portion of the reply brief, arguing "[a] reply brief is not the place to reveal an argument that controlling cases are wrongly decided and the court should depart from precedent to recognize a novel constitutional right."  Ruthers resisted, and the supreme court ordered the issue of whether the challenged portion of Ruthers's reply brief could be considered would be submitted with the appeal.

A review of Ruthers's initial brief discloses he did argue a lack of effective assistance of counsel in an SVP proceeding amounts to a jurisdictional defect reviewable by habeas corpus.  As such, we overrule the State's motion to strike.

constitutes a jurisdictional defect and is reviewable by habeas corpus.

*Id.* at 127–28 (internal citations omitted). "A respondent to a petition alleging the person to be a[n] [SVP] shall be entitled to the assistance of counsel . . . ." Iowa Code § 229A.6(1) (2019). This is a statutory right to counsel and does not directly implicate the constitutional right to effective assistance of counsel under the Sixth Amendment. *See In re Det. of Crane*, 704 N.W.2d 437, 438 n.3 (Iowa 2005). That said, the proposition that "due process demands the appointed counsel provide effective assistance" in habeas corpus proceedings "appears to be consistent with [supreme court] precedent." *Id.* So, if the rendering of ineffective assistance in an SVP proceeding would violate due process, it would follow that ineffective assistance would amount to a defect of a constitutional magnitude and could serve as a jurisdictional defect. True, as Ruthers points out, a "lack of due process by invasion of a *constitutional right* is a ground for granting habeas corpus either as an additional ground for sustaining the writ or because such lack is a jurisdictional defect." *Ely v. Haugh*, 172 N.W.2d 144, 146 (Iowa 1969) (emphasis added). But, here, we are dealing with lack of due process by invasion of a statutory, as opposed to a constitutional, right. At the end of the day, the supreme court has yet to decide whether "a respondent in SVP proceedings has a right to 'effective' assistance of counsel." *In re Det. of Blaise*, 830 N.W.2d 310, 315 n.3 (Iowa 2013). For purposes of this appeal, and based on our analysis below, we find it

unnecessary to address the issue, as we find Ruthers is not entitled to any relief on his claims.  *See id.*

To succeed on his claims of ineffective assistance of counsel, Ruthers must show, by a preponderance of the evidence, his SVP counsel failed to perform an essential duty resulting in prejudice.  *Id.* at 316–17.  We "may consider either the prejudice prong or breach of duty first, and failure to find either one will preclude relief."  *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017) (quoting *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015)).  A failure to register meritless arguments or motions does not amount to ineffective assistance of counsel.  *See State v. Lilly*, 930 N.W.2d 293, 298 (Iowa 2019); *State v. Tompkins*, 859 N.W.2d 631, 637 (Iowa 2015).

On appeal, Ruthers argues the court erred in rejecting his claim that his SVP counsel was ineffective in failing to attack his guilty plea in the criminal proceeding.  He claims there was a basis for his SVP counsel to have his guilty plea thrown out.  He seems to claim the victim's purported recantation of the allegations in a deposition before he pled guilty negated a factual basis and, had the guilty plea been thrown out, the statements made by the victim in the deposition and earlier interview at a child advocacy center would have been hearsay and not properly before the SVP court in determining whether he was an SVP.  He argues counsel should have thus had the plea thrown out based on actual innocence under *Schmidt v. State*, 909 N.W.2d 778 (Iowa 2018).  He also claims the State engaged in prosecutorial error by allowing the SVP court to consider allegations it knew the victim supposedly recanted.

Ruthers was charged with second-degree sexual abuse and ultimately pled guilty to assault causing bodily injury. At the initial interview at a child advocacy center, the child victim, who suffers from ADHD and memory loss, reported Ruthers grabbed him and threw him on the bed. The child stated he hit the bed board when he was thrown, causing a bump on his head. Ruthers had no clothes on, and he pulled the child's pants and underwear down. He then sat on the child's "private spot" then turned around and started humping the child, with Ruthers's "private spot" making contact with the child's buttocks and "private spot." Roughly two years later, at a deposition in November 2011, the child recalled Ruthers pushed him on the bed. The child did not recall hitting his head or getting a bump on his head, but he recalled sometime in the middle of the night Ruthers started humping him. The child recalled he was in his underwear and Ruthers was naked. At the March 26, 2012 hearing on the State's motion to set aside the plea based on the error in the written guilty plea, the court turned to the minutes of evidence to determine whether the plea was supported by a factual basis.[5] The minutes[6] disclosed to the court that two witnesses would testify Ruthers picked up the child victim and threw him on a bed in a hard manner, the victim hit his head on the bed board, and the impact caused a bump.

To begin, the record before us shows the record before the plea court supported a factual basis to the charge. So challenging the plea on that basis by some avenue during the SVP proceeding would have been meritless, and counsel

---

[5] The written guilty plea authorized the court to examine the minutes of evidence, trial information, investigative reports, and counsels' recitation of the facts in determining whether a factual basis existed.

[6] The minutes of evidence are not part of the record in this appeal.

did not fail to perform an essential duty in not pursuing it. *See Lilly*, 930 N.W.2d at 309. Ruthers goes on to suggest the victim's purported recantation supports a claim of actual innocence under *Schmidt v. State*, 909 N.W.2d 778 (Iowa 2018). Upon our review, we conclude the highlighted evidence Ruthers claims SVP counsel should have utilized to challenge his plea and profess actual innocence—purportedly recanting being thrown on the bed, hitting, his head, and getting a bump—would not support an actual innocence claim under *Schmidt*. First, the child reported the physical aggression resulting in the head bump closer in time to the incident. While he did not recall it two years later in a deposition, the lack of recall is understandable, given his ADHD and memory-loss issues. And the act of the humping, without causing injury, could still serve as an assault, as being "intended to result in physical contact which will be insulting or offensive to another." *See* Iowa Code § 708.1(1) (2007). Even without the head bump, the assault by humping could still serve as a sexually violent offense within the meaning of Iowa Code section 229A.2(10)(g). So the actual-innocence claim would have also been meritless, as it had no potential to qualify as material evidence that probably would have changed the outcome.[7] *See Schmidt*, 909 N.W.2d at 778.

---

[7] We also note the plea was entered in 2012, and the SVP proceeding commenced the same year and concluded in 2017. Up until the supreme court's decision in *Schmidt*, the rule was that "criminal defendant waives all defenses and objections to the criminal proceedings by pleading guilty, including claims of ineffective assistance of counsel," except for "irregularities intrinsic to the plea—irregularities that bear on the knowing and voluntary nature of the plea." *State v. Brown*, 911 N.W.2d 180, 187 (Iowa Ct. App. 2018); *accord Schmidt*, 908 N.W.2d at 803 (Waterman, J., dissenting) ("Until today, it had been well settled that a plea of guilty waives all defenses or objections which are not intrinsic to the plea itself." (internal quotation marks omitted)). The supposed recantation, if you could call it that,

Ruthers goes on to argue the transcripts of the interview at the child advocacy center and the November 2011 deposition should have not been admitted at the SVP trial and his counsel was ineffective in failing to object to them on hearsay grounds. But there is nothing in our record that affirmatively establishes they even were admitted, as we are without a full record from the SVP proceeding, we only have a patchwork of items from the separate proceedings over the years. Assuming they were admitted, we are without a full picture of all of the other evidence and what it showed. So, assuming it was hearsay, we have no way to assess whether it amounted to harmless error as not resulting in prejudice. *See State v. Newell*, 710 N.W.2d 6, 16 (Iowa 2006). As the appellant, it was Ruthers's duty to provide us with a record adequate to decide the appeal. *See In re F.W.S.*, 698 N.W.2d 134, 135 (Iowa 2005). The record made before the district court was inadequate on this point. It would be improvident for us to speculate on what the evidence and testimony at the SVP trial showed or did not show, and we decline to do so. *F.W.S.*, 698 N.W.2d at 135–36. We affirm the district court's rejection of this claim.

Finding no cause for reversal on the issues properly presented for our review, we affirm the denial of Ruthers's petition for a writ of habeas corpus.

**AFFIRMED.**

---

occurred in a deposition of the victim in 2011 and Ruthers was aware of it before his plea, so it was not an irregularity intrinsic to the plea bearing on the knowing and voluntary nature of the plea. If Ruthers is claiming his counsel was ineffective in failing to predict *Schmidt*'s change in the law, we reiterate effective assistance of counsel does not require an attorney to be clairvoyant but turns on whether, given the circumstances, an argument was worth raising. *Millam v. State*, 745 N.W.2d 719, 723 (Iowa 2008). Under the circumstances of this case, we conclude an actual-innocence claim was not worth raising.